COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
MATTHEW P. MONTGOMERY
ALEXANDRA S. BERNAY
SUZANNE H. STEVENS
MATTHEW I. ALPERT
JENNIFER L. GMITRO
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PHARMACIA CORPORATION, et al., <br><br> Defendants. | No. 03-1519 (AET) <br> **(Consolidated)** <br><br> CLASS ACTION <br><br> PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF TIMOTHY C. WANG, M.D. FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...............................................................................................1

II. ADMISSIBILITY OF EXPERT TESTIMONY UNDER RULE 702 AND *DAUBERT* ...................................................................................................1

    A. The Wang Declaration Does Not Fit the Issues Presented and Is Not Helpful to the Trier of Fact ..........................................................3

    B. The Wang Declaration Lacks a Sufficiently Reliable Foundation and Therefore Must Be Stricken ........................................7

    C. Dr. Wang Is Not Qualified to Offer Expert Opinion Regarding When Plaintiffs Were on Notice of Their Claims ..................................8

III. CONCLUSION.................................................................................................10

## TABLE OF AUTHORITIES

Page

**CASES**

*Astrazeneca LP v. TAP Pharm. Prods.*,
    444 F. Supp. 2d 278 (D. Del. 2006) ..............................................................7

*Benak v. Alliance Capital Mgmt. L.P.*,
    435 F.3d 396 (3d Cir. 2006) ................................................................4, 5, 6

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
    350 F.3d 316 (3d Cir. 2003) ................................................................2, 8, 9

*Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.*,
    No. 01-669, 2003 U.S. Dist. LEXIS 25625
    (D. Del. May 21, 2003)..........................................................................5, 9

*Daubert v. Merrell Dow Pharms. Inc.*,
    509 U.S. 579 (1993)..............................................................................1, 2, 3

*Gruber v. Price Waterhouse*,
    911 F.2d 960 (3d Cir. 1990) ...............................................................................6

*Hill v. Equitable Bank,*
    655 F. Supp. 631 (D. Del. 1987),
    *aff'd*, 851 F.2d 691 (3d Cir. 1988) ..................................................................6

*In re DaimlerChrysler AG Sec. Litig.*,
    269 F. Supp. 2d 508 (D. Del. 2003) ........................................................5, 6

*In re Micron Techs., Inc. Sec. Litig.*,
    No. 06-085, 2007 U.S. Dist. LEXIS 12446
    (D. Idaho Feb. 21, 2007)........................................................................8

*In re NAHC, Inc. Sec. Litig.*,
    306 F.3d 1314 (3d Cir. 2002) ........................................................................4

*In re Paoli R.R. Yard PCB Litig.*,
    35 F.3d 717 (3d Cir. 1994) ................................................................2, 7

                                               **Page**

*In re Paoli R.R. Yard PCB Litig.*,
    916 F.2d 829 (3d Cir. 1990) ..............................................................................3

*JMJ Enters., Inc. v. Via Veneto Italian Ice, Inc.*,
    No. 97-CV-0652, 1998 U.S. Dist. LEXIS 5098
    (E.D. Pa. Apr. 15, 1998) ....................................................................................3

*McGowan v. Cooper Indus., Inc.*,
    863 F.2d 1266 (6th Cir. 1987) ..........................................................................9

*Redman v. John D. Brush & Co.*,
    111 F.3d 1174 (4th Cir. 1997) ......................................................................5, 9

*Schneider v. Fried*,
    320 F.3d 396 (3d Cir. 2005) ..............................................................................3

*SEC v. Lipson*,
    46 F. Supp. 2d 758 (N.D. Ill. 1999) ..................................................................9

*STX, Inc. v. Brine, Inc.*,
    37 F. Supp. 2d 740 (D. Md. 1999),
    *aff'd*, 211 F.3d 588 (Fed. Cir. 2000) .................................................................9

*United States v. Hanna*,
    293 F.3d 1080 (9th Cir. 2002) ......................................................................7, 8

*Vogel v. Trahan*,
    No. 78-2724, 1980 U.S. Dist. LEXIS 10539
    (E.D. Pa. Jan. 11, 1980) ....................................................................................6

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Evidence
    Rule 401 ..............................................................................................................2
    Rule 702 ....................................................................................................1, 2, 3, 7

- iv -

**Page**

**SECONDARY AUTHORITIES**

4-702 *Weinstein's Federal Evidence* (MB 2006)
§702.04(1)(b) ................................................................................................3

Plaintiffs respectfully submit this memorandum of law in support of their Motion to Strike the Declaration of Timothy C. Wang, M.D.

## I. INTRODUCTION

In support of their motion for summary judgment, defendants submit the declaration of Timothy C. Wang, M.D. ("Wang Declaration" or "Wang Decl.") to offer an opinion as to when plaintiffs, according to defendants, should have "sufficient facts" available to them to have timely filed their claims. *See, e.g.*, Wang Decl. at ¶25. Plaintiffs move to strike the Wang Declaration because it fails to meet the standards for admissibility of expert testimony under the Federal Rules of Evidence, improperly seeks to provide an expert opinion about a matter within the factfinders' purview, and lacks a sufficiently reliable foundation as required by *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).

## II. ADMISSIBILITY OF EXPERT TESTIMONY UNDER RULE 702 AND *DAUBERT*

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The Supreme Court's decision in *Daubert* made clear that the district court has a gatekeeping function under Rule 702 which imposes the task of "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.[1] In the Third Circuit, the requirements of Rule 702 focus on the "'trilogy of restrictions on expert testimony: qualification, reliability and fit.'" *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003).[2] First, the proposed expert must be qualified to testify as an expert. Second, the testimony must be reliable. This requires that "'the expert's opinion must be based on the "methods and procedures of science" rather than on "subjective belief or unsupported speculation"; the expert must have "good grounds" for his or her belief.'" *Id.* (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994)). Finally, the "expert testimony must 'fit,' meaning 'the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.'" *Id.*

---

[1] To determine the issue of relevance, Federal Rule of Evidence 401 provides that the trial court should analyze whether the evidence "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here it is clear that the Wang Declaration does no more than parrot legal arguments provided by counsel and thus fails to make any fact of consequence more or less probable than without the declaration.

[2] All citations and footnotes are omitted and emphasis is added, unless otherwise noted.

(quoting *Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2005)).[3]  The Wang Declaration fails all three of these requirements.

### A. The Wang Declaration Does Not Fit the Issues Presented and Is Not Helpful to the Trier of Fact

An overarching principle of admissibility of expert testimony is whether such testimony will "assist the trier of fact." Fed. R. Evid 702. "Helpfulness to the trier of fact is the 'ultimate touchstone' for admissibility of expert testimony." *JMJ Enters., Inc. v. Via Veneto Italian Ice, Inc.*, No. 97-CV-0652, 1998 U.S. Dist. LEXIS 5098, at *14 (E.D. Pa. Apr. 15, 1998) (quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 857 (3d Cir. 1990)). Rule 702 requires the trial court to "examine the helpfulness of all expert evidence." *JMJ*, 1998 U.S. Dist. LEXIS 5098, at *14. "Expert testimony that is based on speculation or unrealistic assumptions is not helpful." *Id.* at *16. In addition to its helpfulness, expert testimony must fit the purposes of the case.

Here, even the most cursory examination of the Wang Declaration reveals that rather than opining on a matter amenable to specialized expertise, that might, under certain circumstances be proper in this litigation, Dr. Wang is merely opining on issues committed exclusively to the jury.[4]  This fails to meet the requirement that the

---

[3]  The party offering the expert testimony has the burden of proving admissibility. *See Daubert*, 509 U.S. at 592 n.10.  Defendants have not carried their burden here.

[4]  While Dr. Wang might be qualified to opine on medical matters regarding gastroenterology, he is not competent to testify regarding what an ordinary investor would or would not have understood statements from the defendants and others to

- 3 -

expert's testimony "fit" the facts of the case. Defendants have moved for summary judgment arguing that plaintiffs' claims are untimely. They argue plaintiffs were on inquiry notice of defendants' wrongdoing as of February 6, 2001 and that failure to file claims within two years of that date necessitates summary judgment be granted in their favor. Plaintiffs argue in opposition that their claims were timely filed because they were not on notice of the basis of their claims until (at the earliest) August 5, 2001 when the *Washington Post* wrote an exposé that for the first time alerted investors that fraud was afoot.

In order to determine when a plaintiff's claim accrues and the statute of limitations begins to run, the court applies the "inquiry notice" standard. *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 (3d Cir. 2006); *In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1325 (3d Cir. 2002). Under this standard, the limitations "'period begins to run when the plaintiffs "discovered or in the exercise of reasonable diligence should have discovered the basis of their claim" against the defendant.'" *Benak*, 435 F.3d at 400. Whether and when plaintiffs are deemed to have known the basis of their claims "'depends on whether they had **"sufficient information of possible wrongdoing** to place them on "inquiry notice" *or* to excite "*storm warnings"*

---

mean. "[T]he court must determine whether a proposed witness's qualifying training or experience, and resultant specialized knowledge, are sufficiently related to the issues and evidence before the trier of fact that the witness's proposed testimony will be of assistance to the trial of fact." 4-702 *Weinstein's Federal Evidence* §702.04(1)(b) (MB 2006).

*of culpable activity*.'" *Id*. "[T]he 'test for "storm warnings" is an objective one, based on ***whether a "reasonable investor of ordinary intelligence would have discovered the information and recognized it as a storm warning***.""" *Id*. (citing, *inter alia*, *In re DaimlerChrysler AG Sec. Litig.*, 269 F. Supp. 2d 508, 513 (D. Del. 2003)). The Wang Declaration purports to provide an expert opinion as to when information regarding certain aspects of the CLASS study were "publicly known." Dr. Wang further provides an opinion regarding whether certain statements published in various media were "sufficient" to reveal whether plaintiffs' allegations were "publicly known" by the date defendants claim started the running of the statute of limitations for inquiry notice purposes.

Throughout his declaration Dr. Wang makes determinations as to what was "not misleading," "known," "made public," "publicly known," "clearly identified," "made clear," "well understood," "disclosed," "publicly discussed," "fully disclosed," and "publicly disclosed" etc. *See* Wang Decl. at ¶¶24, 25, 32, 34, 35, 37, 38, 41, 43, 44. Far from being a proper subject for expert opinion, these are issues for the jury or Court, not a gastroenterologist hired by defendants, to determine. "[T]estimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the fact-finder." *Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.,* No. 01-669, 2003 U.S. Dist. LEXIS 25625, at *6 (D. Del. May 21, 2003) (citing *Redman v. John D. Brush & Co*., 111 F.3d 1174, 1179 (4th Cir. 1997).

The test for inquiry notice is whether a reasonable investor of ordinary intelligence would have discovered and recognized information as constituting a "storm warning." *Benak* 435 F.3d at 400. Dr. Wang is far from an ordinary investor. While he is a medical doctor specializing in gastroenterology, there is no indication he has any experience as an investor, much less that of a "reasonable investor of ordinary intelligence." What Dr. Wang finds to be "disclosed" or "made clear" has no bearing on what a reasonable investor would have discovered and recognized as important.

Moreover, when plaintiffs were on notice of their claims is a fact-laden inquiry which should be left to the factfinder to resolve. *Gruber v. Price Waterhouse*, 911 F.2d 960, 963 (3d Cir. 1990) (recognizing factual nature of statute of limitations inquiry); *Hill v. Equitable Bank,* 655 F. Supp. 631, 641 (D. Del. 1987), *aff'd*, 851 F.2d 691 (3d Cir. 1988) (denying summary judgment based on the statute of limitations defense where plaintiffs presented reasonable inference that investors would not be on inquiry notice of fraud); *Vogel v. Trahan*, No. 78-2724, 1980 U.S. Dist. LEXIS 10539, at * 18-*19 (E.D. Pa. Jan. 11, 1980) ("Issues of notice and due diligence often turn on inferences to be drawn from the underlying facts. . . . In such circumstances, genuine issues of material fact remain, and the court cannot substitute its judgment for that of the jury."); *DaimlerChrysler*, 269 F. Supp. 2d at 518. Dr. Wang's opinion, which merely regurgitates the arguments in defendants' summary judgment motion, impinges on the factfinder's role. The determination as to what constitutes "storm warnings" and when a reasonable investor of ordinary intelligence would be on notice

of their claims is not a proper subject for expert testimony because it is not helpful. *See, e.g.*, *United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002) (expert testimony regarding what a "reasonable person" would foresee is not a subject for expert testimony because a layperson is well qualified to make such a determination).

### B. The Wang Declaration Lacks a Sufficiently Reliable Foundation and Therefore Must Be Stricken

An expert must explain "how and why he or she has reached the conclusion being proffered and must have as a basis more than a subjective belief or speculation." *Astrazeneca LP v. TAP Pharm. Prods.*, 444 F. Supp. 2d 278, 288 (D. Del. 2006). In sharp contrast to the requirements of Rule 702, Dr. Wang fails to provide any basis for his opinions regarding when defendants' misstatements were "publicly known" other than his own speculation.

In determining reliability, courts in the Third Circuit consider eight factors: (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put. *Paoli*, 35 F.3d at 742.

Applying these non-exclusive factors to Dr. Wang's unsupported conclusions illustrates that the opinions in his declaration lack reliability. An examination of the "methodology" used by Dr. Wang illustrates plainly that his opinion is not reliable. Indeed, Dr. Wang does not appear to employ any methodology at all. Rather, Dr. Wang simply points to documents defense counsel provided him and then makes unsupported conclusions as to what was "publicly known." *See, e.g.*, Wang Decl. at ¶44. This "method" lacks the indicia of reliability the Third Circuit requires, as it fails to meet or even address any of the eight reliability factors considered by the Third Circuit.

As such, this Court should grant plaintiffs' motion to strike and exclude Wang's expert testimony set forth in his declaration.

### C. Dr. Wang Is Not Qualified to Offer Expert Opinion Regarding When Plaintiffs Were on Notice of Their Claims

The Wang Declaration also must be excluded because he is not qualified to issue the opinions set forth in his report. Although plaintiffs do not dispute Dr. Wang's medical credentials, he "lack[s] qualifications to testify outside his area of expertise." *Calhoun*, 350 F.3d at 322. This factor plainly demonstrates why Dr. Wang's declaration must be stricken. Not only is Dr. Wang not an expert on when something is "publicly known" or when results of the CLASS Study were "clearly understood" by a reasonable investor of ordinary intelligence, those issues simply do not lend themselves to expert opinion. *See Hanna*, 293 F.3d at 1086; *see also In re*

*Micron Techs., Inc. Sec. Litig.*, No. 06-085, 2007 U.S. Dist. LEXIS 12446 (D. Idaho Feb. 21, 2007).

The *Calhoun* case is instructive. In that case the Third Circuit affirmed the district court's decision to exclude certain testimony because the expert had no education or experience dealing with product design of the subject jet skis or in the design of consumer product warnings. The expert, the court held, "possessed no expertise with regard to warning design. Thus, the restriction on testimony regarding warnings was proper." *Calhoun*, 350 F.3d at 324. Here, while Dr. Wang is a medical doctor, who might be able to opine on matters related to gastroenterology, he lacks any expertise as to issues regarding when a reasonable investor is put on inquiry notice. "A party cannot qualify a person as an expert generally by showing that the expert has specialized knowledge or training which would qualify him or her to opine on some other issue." *Callaway*, 2003 U.S. Dist. LEXIS 25625, at *6 (citing *Redman*, 111 F.3d at 1179). Testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the fact-finder. *McGowan v. Cooper Indus., Inc.*, 863 F.2d 1266, 1273 (6th Cir. 1987); *STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999), *aff'd*, 211 F.3d 588 (Fed. Cir. 2000); *SEC v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1999).

## III. CONCLUSION

Based on all of the foregoing, Dr. Wang's expert testimony as set forth in his declaration should be stricken, and excluded as evidence considered in support of defendants' motion for summary judgment.

DATED:  July 31, 2007

Respectfully submitted,

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN


              s/ Peter S. Pearlman
PETER S. PEARLMAN

Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
MATTHEW P. MONTGOMERY
ALEXANDRA S. BERNAY
SUZANNE H. STEVENS
MATTHEW I. ALPERT
JENNIFER L. GMITRO
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MICHELLE M. McCARRON
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

SCOTT + SCOTT LLP
ARTHUR L. SHINGLER III
ANITA MELEY LAING
600 B Street, Suite 1500
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)

SCOTT + SCOTT, LLC
DAVID R. SCOTT
108 Norwich Avenue
Colchester, CT  06415
Telephone:  860/537-3818
860/537-4432 (fax)

SUGARMAN & SUSSKIND
ROBERT SUGARMAN
2801 Ponce De Leon Blvd., Suite 750
Coral Gables, FL  33314
Telephone:  305/529-2801
305/447-8115 (fax)

Attorneys for Plaintiffs

S:\CasesSD\Pharmacia\BRF00042926.doc

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 31, 2007.

    s/ Peter S. Pearlman
    PETER S. PEARLMAN

    COHN LIFLAND PEARLMAN
        HERRMANN & KNOPF LLP
    PETER S. PEARLMAN
    Park 80 Plaza West-One
    Saddle Brook, NJ  07663
    Telephone:  201/845-9600
    201/845-9423 (fax)
    |
    E-mail:    psp@njlawfirm.com