COHN LIFLAND PEARLMAN
   HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
MATTHEW P. MONTGOMERY
ALEXANDRA S. BERNAY
SUZANNE H. STEVENS
MATTHEW I. ALPERT
JENNIFER L. GMITRO
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

*Document Filed Electronically*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PHARMACIA CORPORATION, et al.,<br><br>Defendants. | No. 03-1519 (AET)<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF TIMOTHY C. WANG, M.D. |

## TABLE OF CONTENTS

                                                          **Page**

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ........................................................................................................ 3

    A. The Wang Declaration Is Not Helpful to the Trier of Fact and Fails to Fit the Issues Presented .......................................................... 3

    B. Dr. Wang Is Not Qualified to Offer the Opinions Provided in His Declaration ................................................................................ 4

    C. The Wang Declaration Fails the Reliability Requirement ................... 6

III. CONCLUSION ..................................................................................................... 9

## TABLE OF AUTHORITIES

Page

**CASES**

*Benak v. Alliance Capital Mgmt.*,
   435 F.3d 396 (3d Cir. 2006) .................................................................... 4

*Daubert v. Merrell Dow Pharms.*,
   509 U.S. 579 (1993) ............................................................................ 1, 9

*In re Diet Drugs Prods. Liab. Litig.*,
   No. 1203, 2001 U.S. Dist. LEXIS 1174 (E.D. Pa. Feb. 1, 2001) .................. 5

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
   310 F. Supp. 2d 819 (S.D. Tex. 2004) ......................................................... 2

*In re Paoli R.R. Yard PCB Litig.*,
   916 F.2d 829 (3d Cir. 1990) .................................................................... 1

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717 (3d Cir. 1994) ...................................................................... 6

*JMJ Enters. v. Via Veneto Italian Ice*,
   No. 97-CV-0652, 1998 U.S. Dist. LEXIS 5098, at *14 (E.D. Pa. Apr. 15, 1998) ............................................................................................. 1

*Stephan v. Cont'l Cas. Ins. Co.*, No. 01-1555 (JLI), 2003 U.S. Dist. LEXIS 7568, at *9 (D.N.J. May 6, 2003) ..................................................... 3

*United States v. Hanna*,
   293 F.3d 1080 (9th Cir. 2002) .................................................................. 4

I.  **INTRODUCTION**

On July 31, 2007 plaintiffs moved the Court to strike the declaration of Timothy C. Wang, M.D. ("Wang Declaration" or "Wang Decl.") submitted by defendants in support of their motion for summary judgment. As plaintiffs detailed in their opening brief, the Wang Declaration fails to meet the standards for admissibility of expert testimony under the Federal Rules of Evidence, improperly seeks to provide an expert opinion about a matter exclusively within the factfinder's purview, and lacks a sufficiently reliable foundation as required by *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

Defendants' opposition demonstrates why the Wang Declaration must be stricken. Nowhere in their opposition do defendants explain why an expert opinion is necessary to help the trier of fact determine the issues raised by defendants' motion. "Helpfulness to the trier of fact is the 'ultimate touchstone' for admissibility of expert testimony." *JMJ Enters. v. Via Veneto Italian Ice*, No. 97-CV-0652, 1998 U.S. Dist. LEXIS 5098, at *14 (E.D. Pa. Apr. 15, 1998) (quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 857 (3d Cir. 1990)).

Rather than addressing the obvious and numerous shortcomings of the Wang Declaration, defendants weakly argue that the declaration is properly before the Court. Defendants' own characterization of the declaration, however, demonstrates why it must be stricken. Defendants argue the declaration is appropriate because, in their view, Dr. Wang has only "opined on the nature and extent of the curative information

that . . . put Plaintiffs on inquiry notice of their claims on February 6, 2001." Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Strike the Declaration of Timothy C. Wang, M.D. ("Defs' Opp.") at 1. But this is the very issue in dispute and one which is in the exclusive provenance of the jury. Moreover, defendants have failed to show why the factfinder needs an expert to help them determine such an issue. Indeed, why would the finder of fact need an expert to determine, in defendants' words "whether or not the information that Defendants allegedly omitted to disclose in the JAMA publication was publicly disclosed on the FDA website on February 6, 2001 or during the February 7, 2001 public hearing held by the FDA Arthritis Advisory Committee"? Defs' Opp. at 5 (citing Wang Decl. at ¶¶1-11). Indeed, if an expert opinion is necessary to understand the disclosures, a reasonable investor of ordinary intelligence could not have been put on inquiry notice by them. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 310 F. Supp. 2d 819, 837 (S.D. Tex. 2004) (plaintiffs not on inquiry notice because complexity of defendants' schemes was such that even experts had trouble understanding issue).

As demonstrated more fully below, the Wang Declaration fails all of the requirements for admissibility of expert testimony and, as such, must be stricken.

## II.  ARGUMENT

### A.  The Wang Declaration Is Not Helpful to the Trier of Fact and Fails to Fit the Issues Presented

Defendants concede the "fit" requirement mandates testimony "'must in fact assist the jury, by providing it with relevant information, necessary to a reasoned decision of the case.'" *Stephan v. Cont'l Cas. Ins. Co.*, No. 01-1555 (JLI), 2003 U.S. Dist. LEXIS 7568, at *9 (D.N.J. May 6, 2003).[1] Even the most cursory review of the Wang Declaration reveals, however, that far from assisting the jury by providing relevant information that would aid in deciding the issues in dispute, the declaration merely parrots legal arguments defendants have made regarding inquiry notice couched in terms of what was "not misleading," "known," "made public," "clearly identified," "made clear," "well understood," "disclosed," "publicly discussed," "fully disclosed," and "publicly disclosed" regarding the CLASS Study. *See* Wang Decl. at ¶¶24-25, 32, 34-35, 37-38, 41, 43, 44.

Defendants try to frame the issue as one concerning merely Dr. Wang's opinion regarding the nature and content of information posted on the FDA website on February 6, 2001 and press coverage following the February 7, 2001 FDA Advisory Committee public meeting. But this is incorrect – Dr. Wang is clearly offering an opinion as to when plaintiffs were on inquiry notice of their claims, despite

---

[1]  Unless otherwise noted, all emphasis is added and citations are omitted.

defendants' artful wordplay in their opposition. As plaintiffs set forth in the motion to strike, the test for inquiry notice is whether a ***reasonable investor of ordinary intelligence*** would have discovered defendants' "fraudulent scheme." *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 (3d Cir. 2006). Dr. Wang is a doctor who specializes in gastroenterology. There is no indication he has any experience as an investor, much less that of a """" reasonable investor of ordinary intelligence."""" *Id.*

Dr. Wang's conclusory opinions regarding what and when facts were "not misleading," "known," "made public," "clearly identified," "made clear," "well understood," "disclosed," "publicly discussed," "fully disclosed," and "publicly disclosed" has no bearing on what a reasonable investor would or should have discovered and recognized as a signal of fraudulent behavior. *See* Wang Decl. at ¶¶24-25, 32, 34-35, 37-38, 41, 43, 44. Thus, his opinions are not helpful nor do they fit the issues. *See, e.g., United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002) (expert testimony regarding what a "reasonable person" would foresee is not a subject for expert testimony because a layperson is well qualified to make such a determination).

### B. Dr. Wang Is Not Qualified to Offer the Opinions Provided in His Declaration

Defendants argue Dr. Wang is qualified to offer an opinion "regarding whether or not the information that Defendants allegedly omitted to disclose in the JAMA publication was publicly disclosed on the FDA website on February 6, 2001 or during

the February 7, 2001 public hearing held by the FDA Arthritis Advisory Committee." Defs' Opp. at 5 (citing Wang Decl.). Dr. Wang is, however, not an expert as to when something is "publicly disclosed." Indeed, an expert opinion is not needed regarding whether information appeared on a website. That is clearly something the factfinder can determine without "expert" assistance.

Defendants argue Dr. Wang is not offering an opinion regarding when plaintiffs were on inquiry notice of their claims, but is instead opining on matters related to gastroenterology. Defs' Opp. at 5. Defendants' spin on the contents of the declaration is pure fantasy. The Wang Declaration is offered for only one purpose, and it is an improper one at that – defendants are seeking to bolster their legal argument regarding inquiry notice by wrapping it in the guise of a purported medical expert opinion. Defendants' transparent tactics should be rejected and the declaration should be stricken.

*In re Diet Drugs Prods. Liab. Litig.*, No. 1203, 2001 U.S. Dist. LEXIS 1174 (E.D. Pa. Feb. 1, 2001), is instructive. In that case, a doctor hired by plaintiffs sought to opine on a number of issues related to defendants' obesity drugs. The doctor opined on certain medical aspects of weight loss and also on issues related to FDA efficacy standards as well as marketing efforts and disclosure obligations of the company. *See id.* at *67-*68. The court held testimony regarding the effectiveness of the subject drugs was appropriate, but that testimony regarding FDA efficacy criteria and marketing efforts was improper. *Id.* at *73-*74. As here, in *Diet Drugs* the

- 5 -

proposed expert was unqualified to opine on issues related to disclosure obligations: "Dr. Sears has no regulatory expertise. Nor does he have any expertise in pharmaceutical industry standards of conduct. . . . Thus, he has no reliable basis to say what information should have been reported to the FDA or to physicians." *Id.* As plaintiffs argued in the opening memorandum of law in support of the motion to strike, Dr. Wang may well be qualified to opine on issues related to gastroenterology, but he is not qualified to give opinions regarding when a given piece of information was "widely known" or "well understood" by a reasonable investor of ordinary intelligence.

### C. The Wang Declaration Fails the Reliability Requirement

Defendants fault plaintiffs for not explicitly running through each of the eight factors set forth in *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) for determining reliability of expert testimony and yet in the ***same paragraph*** argue that such an analysis is not always necessary. Defs' Opp. at 10. Defendants then proceed to ignore all the factors and fail to analyze them, just as they faulted plaintiffs for.

The reason for this is obvious. Examination of the eight factors demonstrates that Dr. Wang's opinions are unreliable and therefore should be stricken. For example, the first factor is whether a method consists of a testable hypothesis. But the Wang Declaration is based on no discernable method. Rather Dr. Wang merely regurgitates defendants' arguments regarding the content and meaning of various

news articles and other documents thus demonstrating defendants' failure to meet the first factor. The second factor examines whether the method has been subject to peer review. Since the Wang Declaration has no "method" *per se*, it is clearly not subject to peer review. Similarly, the third factor, the known or potential rate of error, is not met because Dr. Wang is not following any established mode of analysis in his recitation of what he finds to be "not misleading," "known," "made public," "clearly identified," "made clear," "well understood," "disclosed," "publicly discussed," "fully disclosed," and "publicly disclosed" regarding the CLASS Study. *See* Wang Decl. at ¶¶24-25, 32, 34-35, 37-38, 41, 43, 44. The fourth factor, the existence and maintenance of standards controlling the technique's operation, also cuts against consideration of the Wang Declaration. There is no evidence whatsoever produced by defendants of any standards being applied to Dr. Wang's pronouncements. The fifth factor also supports plaintiffs. That factor asks whether the method employed by the expert is generally accepted. Here, since Dr. Wang has employed no discernable method, other than his own conclusory speculation, clearly it cannot be generally accepted. The same analysis holds true for the sixth factor which looks at the relationship of the technique to methods which have been established to be reliable. Since no method exists, there can be no relationship between the technique and the methods. The seventh factor also cuts against defendants. That factor looks to the qualifications of the expert witness testifying based on the methodology. Since there is no methodology employed in the Wang Declaration apart from him pointing to

documents presented by defense counsel and then making unsupported conclusions as to what was "publicly known," defendants have failed to show this factor allows Dr. Wang's declaration to be considered.[2] The final factor, the non-judicial uses to which the method has been put, also supports striking the declaration because, as detailed above, there is simply no recognized method employed by Dr. Wang in the declaration.

Under any reasonable interpretation of Third Circuit law regarding the reliability of expert testimony, the Wang Declaration fails. As such, plaintiffs' motion to strike should be granted.

---

[2] Furthermore, as discussed above, defendants have not produced any evidence that Dr. Wang's qualifications make him an expert in what a reasonable investor would have been aware of concerning defendants' fraud.

## III. CONCLUSION

Because the Wang Declaration fails to meet standards for admissibility of expert testimony under the Federal Rules of Evidence, improperly seeks to provide an expert opinion where one is not needed, and lacks a sufficiently reliable foundation as required by *Daubert* and its progeny, the declaration must be stricken.

DATED:  September 4, 2007                    Respectfully submitted,

                                                COHN LIFLAND PEARLMAN
                                                  HERRMANN & KNOPF LLP
                                                PETER S. PEARLMAN

                                                      /s/Peter S. Pearlman
                                                   PETER S. PEARLMAN

                                                Park 80 Plaza West-One
                                                Saddle Brook, NJ  07663
                                                Telephone:  201/845-9600
                                                201/845-9423 (fax)

                                                Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
MATTHEW P. MONTGOMERY
ALEXANDRA S. BERNAY
SUZANNE H. STEVENS
MATTHEW I. ALPERT
JENNIFER L. GMITRO
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MICHELLE M. McCARRON
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

SCOTT + SCOTT LLP
ARTHUR L. SHINGLER III
ANITA MELEY LAING
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)

        SCOTT + SCOTT, LLC
        DAVID R. SCOTT
        108 Norwich Avenue
        Colchester, CT  06415
        Telephone:  860/537-3818
        860/537-4432 (fax)

        SUGARMAN & SUSSKIND
        ROBERT SUGARMAN
        2801 Ponce De Leon Blvd., Suite 750
        Coral Gables, FL  33314
        Telephone:  305/529-2801
        305/447-8115 (fax)

        Attorneys for Plaintiffs

S:\CasesSD\Pharmacia\BRF00044949.doc