NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARBER, et al., | : |
| Plaintiffs, | : Civ. No. 03-1519 |
| v. | : OPINION & ORDER |
| PHARMACIA CORP., et al., | : |
| Defendants. | : |

THOMPSON, U.S.D.J.,

INTRODUCTION

This matter comes to the Court upon Plaintiffs' Motion to Vacate the Court's November 2, 2007 Order Sealing Materials [219]. On September 23, 2009, parties attended a conference in Chambers regarding the merits of this Motion. Based on that conference and the parties' written submissions, this Court has decided that Plaintiffs' motion will be DENIED.

BACKGROUND

This case has a long and complicated history, dating back to April of 2003, when the Complaint was filed. In July 2004, during the course of discovery, the parties stipulated to a Protective Order, under which either party could designate any material produced as "confidential." (Stipulation and Protective Order ("Protective Order") ¶ 4.) Under the stipulation, materials marked confidential could not be publicly disclosed, and any party using confidential materials in a court filing would be required to file those materials under seal. (Id. at ¶ 21.) However, either party could object to the designation of materials as confidential if that

1

party believed such a marking was improper. (Id. at ¶ 17.) This motion concerns whether certain materials, filed with the Court under seal, should now be unsealed.

Defendants filed for summary judgment in this case on May 31, 2007. Two months later, the Plaintiffs filed their opposition papers, and they attached several documents marked "confidential" to their opposition. The Defendants moved to strike the documents from the motion, arguing that they were irrelevant, but the Court was content to simply leave them under seal. The Court granted Defendants' Motion for Summary Judgment in October 2007 and by a concurrent order specified that the confidential documents would remain under seal. The Plaintiffs then took an appeal to the Third Circuit, which—in January 2009—reversed this Court's grant of summary judgment but declined to disturb this Court's sealing order. Alaska Electrical Pension Fund v. Pharmacia Corp., 554 F.3d 342 (3d Cir. 2009). Plaintiffs have now moved to vacate the sealing order that accompanied the order granting summary judgment.

## ANALYSIS

There is a presumptive right of public access to all judicial proceedings and records. In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). To determine whether a court order should shield a document from public disclosure, the Court undertakes a two-step process. It must first determine whether the document is a "judicial record," and if it finds that the document is a judicial record, it must then determine whether the presumption of access is rebutted by the injury that disclosure would cause. See Republic of the Phillipines v. Westinghouse Elec. Corp., 949 F.2d 653, 659-663 (3d Cir. 1991).

The Third Circuit has addressed the question of what constitutes a "judicial record" on several occasions, but it has not yet settled on a single, simple test for identifying such materials. The appeals court has gradually expanded the concept to include a variety of documents,

including trial transcripts, settlement documents, preliminary injunction hearings, dispositive motions (see Westinghouse, 949 F.2d at 660-61) and class counsel appointment proceedings (In re Cendant, 260 F.3d at 193). However, the Third Circuit has also put a limit on the expansiveness of the term, holding that materials attached to discovery motions are not judicial records. Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 164-65 (3d Cir. 1993). This distinction reflects the purpose of the public access doctrine: to promote a just and competent judicial system—as well as public confidence in that system—by subjecting the courts to public observation. See, e.g., In re Cendant, 260 F.3d at 192; Leucadia, 998 F.2d at 161; Westinghouse, 949 F.3d at 660. To allow the public to observe the courts, it is necessary to make available those documents on which courts base their decisions. See Bank of America Nat'l Trust and Savings Ass'n v. Hotel Rittenhouse Associates, 800 F.2d 339, 344 (3d Cir. 1986) ("[T]he court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate.") However, public observation of the courts does not require that every piece of paper which crops up during the discovery process be made public.

     These considerations lead this Court to conclude that the documents at issue in this motion are not "judicial records." The documents that the Plaintiffs seek to unseal are all internal communications between various persons working for Defendant corporation. They concern marketing strategy and other internal business decisions. Depending on the circumstances, such internal communications might be relevant to a court's decision making process. However, these documents were appended to a motion for summary judgment whose entire basis was that the statute of limitations had already run. In securities fraud cases like this one—brought under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934—the statute of limitations does not begin to run until investors are on "inquiry notice," which turns entirely on

3

what information was publicly available.  Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Management L.P., 435 F.3d 396, 400 (3d Cir. 2006).  Since the documents at issue were not publicly available, they were irrelevant to the Court's decision making process.  Since the Court did not base its decision to grant the motion for summary judgment on anything in those documents, the documents are not properly considered part of the "judicial record."  Consequentially, they are not subject to the public access doctrine.

This Court is mindful of appellate court dicta that appears to run counter to this conclusion.  For example, in Cendant, the Third Circuit bluntly stated, "The status of a document as a 'judicial record' . . . depends on whether a document has been filed with the court."  260 F.3d at 192.  However, Cendant, like all of the other cases in which documents were determined to be "judicial records," dealt with documents that were relevant to a court's decision.  To allow irrelevant material to become part of the judicial record simply by appending it to a dispositive motion would eviscerate the substance of Leucadia—that mere discovery materials are not judicial records.  Other circuits have already explicitly recognized this "relevancy" component to judicial records, and this Court finds nothing in Third Circuit precedent[1] that contradicts that principle.  See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995); FTC v. Standard Fin. Management Corp., 830 F.2d 404, 783 (1st Cir. 1987).  Furthermore, the Federal Rules seem to embrace the principle that only relevant documentation is properly part of the judicial record by allowing the Court to strike irrelevant material from any pleadings submitted by the parties.  Fed. R. Civ. P. 12(f).

---

[1] Even Pansy v. Borough of Stroudsburg—where the Third Circuit stated that the status of a document as a judicial record turns on "the technical question of whether a document is physically on file with the court"—is not dispositive in this case.  23 F.3d 772, 782 (3d Cir. 1994).  In that case, the Third Circuit merely held that a document that was *not* on file with the court could *not* be considered a judicial record, even if it was previously relevant to a Court's decision.  Id. at 782-83.  In other words, the appeals court held that a document's physical presence in the court files is a necessary condition of a judicial record.  It did not hold that physical presence is the *only* determining characteristic of a judicial record.  And, as explained above, it would contradict Leucadia to allow every single discovered document to become part of the judicial record.

Since the documents at issue are not "judicial records," it is unnecessary to make the further determination of whether the prospective injury to the defendants is sufficient to rebut the presumption of public access.

By way of conclusion, the Court notes that nothing in this decision has any bearing on what documentation will become publicly accessible if this case proceeds to trial. If any of the internal communications are eventually made available to the trier of fact, or if any of them turn out to be relevant to a dispositive motion filed at a later date, there will be good reason to consider unsealing those communications at that time. However, at this point in the proceedings, all the documents at issue are mere discovery materials. The parties have agreed that such materials will be kept confidential, and it would flout that agreement to unseal documents that are irrelevant to any matter before this Court.

## CONCLUSION

For the foregoing reasons, it is therefore ORDERED, on this 20th day of October, 2009, that Plaintiffs' Motion to Vacate the Court's November 2, 2007 Order Regarding the Sealing of Materials [219] is DENIED.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.