COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ARTHUR C. LEAHY
SCOTT H. SAHAM
LUCAS F. OLTS
MATTHEW I. ALPERT
JENNIFER L. GMITRO
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated, | ) ) ) | No. 03-1519 (AET) **(Consolidated)** |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | PLAINTIFFS' OBJECTIONS TO EVIDENCE PROFFERED BY DEFENDANTS IN SUPPORT OF |
| PHARMACIA CORPORATION, et al., | ) ) ) | THEIR MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) ) | |

**CONFIDENTIAL – FILED UNDER SEAL**

686758_1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................1

II.  ARGUMENT .............................................................................................1

   A.   Legal Standards ..............................................................................1

   B.   Defendants' Intraday Stock Price Charts Are Inadmissible.................2

        1.   Defendants' Chart of Merck's Intraday Stock Price
             Movements Should Be Excluded..............................................4

        2.   Defendants' Charts of Pharmacia's Intraday Stock Price
             Movements Should Be Excluded...............................................6

             a.   The February 6, 2001 Chart..............................................6

             b.   The February 7, 2001 Chart..............................................7

             c.   The February 8, 2001 Chart..............................................9

   C.   The FDA Documents and Newspaper Articles Relied upon by
        Defendants Are Inadmissible ...........................................................11

III. CONCLUSION..........................................................................................18

- i -

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. County of Erie*,
  No. 1:07-cv-316-SJM, 2011 U.S. Dist. LEXIS 112351
  (W.D. Pa. Sept. 30, 2011) .......................................................................... *passim*

*Alston v. Forsyth*,
  379 F. App'x 126 (3d Cir. 2010) ...................................................................5

*Blackburn v. UPS, Inc.*,
  179 F.3d 81 (3d Cir. 1999) ...........................................................................1

*Blunt v. Lower Merion Sch. Dist.*,
  No. 07-3100, 2011 U.S. Dist. LEXIS 121404
  (E.D. Pa. Oct. 20, 2011) ...............................................................................1

*Boring v. Cabela's, Inc.*,
  No. 08-1574, 2011 U.S. Dist. LEXIS 1165
  (W.D. Pa. Jan. 6, 2011) ..............................................................................2, 7

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
  350 F.3d 316 (3d Cir. 2003) .........................................................................4

*Daubert v. Merrell Dow Pharms.*,
  509 U.S. 579 (1993)............................................................................4, 6, 10

*Hinton v. Dep't of Justice*,
  844 F.2d 126 (3d Cir. 1988) .........................................................................6

*In re DVI, Inc. Sec. Litig.*,
  No. 2:03-cv-05336, 2010 U.S. Dist. LEXIS 92888
  (E.D. Pa. Sept. 3, 2010) ................................................................................9

*In re Xerox Corp. Sec. Litig.*,
  746 F. Supp. 2d 402 (D. Conn. 2010)...........................................................10

*Link v. Mercedes-Benz of N. Am., Inc.*,
  788 F.2d 918 (3d Cir. 1986) .........................................................................3

**Page**

*May v. Cooperman*,
  780 F.2d 240 (3d Cir. 1985) ................................................................... *passim*

*Moyer v. United Dominion Indus.*,
  473 F.3d 532 (3d Cir. 2007) .....................................................................5

*Port Auth. v. Affiliated FM Ins. Co.*,
  245 F. Supp. 2d 563 (D.N.J. 2001) ...........................................................2, 7

*SEC v. Berlacher*,
  No. 07-3800, 2010 U.S. Dist. LEXIS 95759
  (E.D. Pa. Sept. 14, 2010) ........................................................................10

*United States v. Schiff*,
  602 F.3d 152 (3d Cir. 2010) .....................................................................9

*Williams v. West Chester*,
  891 F.2d 458 (3d Cir. 1989) .....................................................................2

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
  Rule 56(c)(2) ..........................................................................................1, 2

Federal Rules of Evidence
  Rule 104(a)..............................................................................................2, 4, 7
  Rule 201 ..................................................................................................6
  Rule 201(b) .............................................................................................5
  Rule 201(d) .............................................................................................5
  Rule 403 ..................................................................................................4, 5
  Rule 702 ..................................................................................................4, 6 10
  Rule 802 ..................................................................................... *passim*
  Rule 805 ..................................................................................... *passim*
  Rule 901 ..................................................................................... *passim*
  Rule 901(a) ............................................................................... *passim*
  Rule 901(b) ............................................................................... *passim*

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56(c)(2), plaintiffs hereby submit their objections to certain evidence offered by defendants in support of their Motion for Summary Judgment.  For the following reasons, plaintiffs respectfully request that the Court exclude as inadmissible the following evidence defendants have submitted in support of their Motion for Summary Judgment:  (1) the intraday stock price charts at ¶¶44, 47, 60-61 of the Defendants' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 in Support of Defendants' Motion for Summary Judgment (Dkt. No. 324-56) ("Defs' SOF") and (2) Exhibits 1, 2, 8, 11, 15, 25-26, 28-30, 33, 35, 47 and 52 to the Declaration of Michael D. Hynes, Esq. in Support of Defendants' Motion for Summary Judgment (Dkt. No. 324-1) ("Hynes Declaration").

## II.    ARGUMENT

### A.    Legal Standards

Fed. R. Civ. P. 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  The Advisory Committee Notes further counsels that "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting.  The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."

When ruling on a motion for summary judgment, a court may only rely on admissible evidence. *Blackburn v. UPS, Inc.,* 179 F.3d 81, 95 (3d Cir. 1999); *Blunt v.*

*Lower Merion Sch. Dist.*, No. 07-3100, 2011 U.S. Dist. LEXIS 121404 (E.D. Pa. Oct. 20, 2011).  "Evidence with a deficient foundation must be excluded from consideration on a motion for summary judgment."  *Port Auth. v. Affiliated FM Ins. Co.*, 245 F. Supp. 2d 563, 568 (D.N.J. 2001) (citing *Williams v. West Chester*, 891 F.2d 458, 466 (3d Cir. 1989)).  The party offering the evidence has the burden of proving by a preponderance of the evidence that it is admissible.  *Boring v. Cabela's, Inc.*, No. 08-1574, 2011 U.S. Dist. LEXIS 1165 (W.D. Pa. Jan. 6, 2011); Fed. R. Civ. P. 56(c)(2).

### B.   Defendants' Intraday Stock Price Charts Are Inadmissible

In support of their Motion for Summary Judgment, defendants have created charts of Merck & Co.'s ("Merck") intraday stock price movements on February 8, 2001 and Pharmacia Corporation's ("Pharmacia") intraday stock price movements on February 6, 7 and 8, 2001 to purportedly demonstrate how Merck's and Pharmacia's stock prices moved in reaction to certain news.  Defs' SOF, ¶¶43, 47, 60-61; Defendants' Memorandum of Law in Support of Motion for Summary Judgment (Dkt. No. 324-55) ("Defs' Brf.") at 14-19.  These charts are inadmissible and cannot support a finding of summary judgment.

***First,*** defendants have failed to provide any evidentiary foundation or basis for the charts.  Defendants have not provided the source of the stock price information in the charts, how that information was obtained, or whether it is accurate.  On this basis alone, the charts should be excluded.  Fed. R. Evid. 104(a), 901; *Boring*, 2011 U.S.

- 2 -

Dist. LEXIS 1165, at *7 ("Under the Federal Rules of Evidence, a trial court must evaluate evidence for admissibility before considering that evidence in deciding a motion for summary judgment."); *Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 928 (3d Cir. 1986) (the burden is on the party offering the evidence to make a *prima facie* showing of "'substantial evidence from which [the jury] could infer that the document was authentic'").[1]

**Second**, even if Defendants could provide a foundation for the charts, the charts are still not admissible or reliable to prove how or why the stock prices reacted to certain news.  Records of intraday stock price movements are inherently unreliable and require specialized testing (which has not been done in this case) to demonstrate their accuracy.  *See* Ex. 6 (June 6, 2011 Report on Market Efficiency, Loss Causation, and Damages, Steven P. Feinstein Ph.D., CFA ("Feinstein Report")) at 32-35.[2]  At a minimum, the charts must be subjected to specialized testing to control for market or peer group price effects, *i.e.*, they must be subjected to "event studies."  *See id.* Defendants have done none of these things.  Thus, defendants' failure to conduct event studies to control for market and industry factors render the charts unreliable

---

[1]    Unless otherwise noted, internal citations are omitted.

[2]    All exhibits referenced herein are attached to the Declaration of Scott H. Saham in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, unless otherwise noted.

and inadmissible.  Fed. R. Evid. 403, 702;  *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993); *see also* Ex. 6 (Feinstein Report) at 32-35.

1.   **Defendants' Chart of Merck's Intraday Stock Price Movements Should Be Excluded**

Defendants – without laying any foundation whatsoever – offer as evidence a chart of Merck's purported February 8, 2001 intraday stock price movements in support of their motion for summary judgment.  Defs' SOF, ¶61; Defs' Brf. at 17-19. But Defendants fail to introduce a single piece of documentary or testimonial evidence laying the foundation for any of the purported prices in the chart, nor have Defendants offered any evidence regarding the reliability of the prices in the chart.[3]   As Defendants have introduced no facts laying a foundation for the chart, it must be excluded.  Fed. R. Evid. 104(a), 403, 901(a).

In addition, the chart should be excluded because it is irrelevant.  In order to be admissible, evidence must "'fit,'" meaning that it "'must be relevant for the purposes of the case and must assist the trier of fact.'" *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003).  But Defendants' own expert has conceded the information in the chart is irrelevant to a determination of loss causation.  Defendants' expert, Dr. Kenneth Lehn, specifically testified that he did not even "eye ball" let

---

[3]      Indeed, no expert in this case has ever provided any expert report analyzing Merck's February 8, 2001 intraday stock price movements.

alone conduct an "event study" for Merck's stock price movement as he "didn't think it was important to [his] opinions." Ex. 3 (October 28, 2011 Deposition Transcript of Defendants' Causation Expert Kenneth Lehn ("Lehn Depo.")) at 252, 254:20-255:3. Indeed, Dr. Lehn further testified regarding Merck that he is "not offering the opinion that it was [Merck's] Vioxx vote that caused the [Pharmacia] stock decline on February 8th." *Id*. at 258:3-12.   As Merck's intraday stock price movement is admittedly not "important to [Dr. Lehn's] opinions," it is irrelevant and should be excluded. *Id*. at 254:20-255:3; Fed. R. Evid. 403; *Moyer v. United Dominion Indus.*, 473 F.3d 532, 542 (3d Cir. 2007) ("Of course, only relevant evidence is admissible at trial.").

Nor can Defendants argue that the Court can take judicial notice of intraday stock price movements.[4]   Fed. R. Evid. 201(b) only permits a court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id*.  Unlike daily closing price information compiled by

---

[4]      Defendants have not requested that the Court take judicial notice of the intraday stock prices for any of the days at issue.  Under Fed. R. Evid. 201(d), a court may take judicial notice "if requested by a party and supplied with the necessary information." Defendants have done neither.  *Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (reversing a finding of summary judgment and holding "[t]here is cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant").

reliable financial or news services, evidence regarding intraday stock prices is not widely published, is very unreliable, and requires expert analysis before it can even be considered for accuracy. *See* Ex. 6 (Feinstein Report) at 33-34. Numerous academic papers point out the unique problems and challenges associated with intraday pricing data, including an increase in the "ratio of noise-to-information on computed returns" that result in unreliable statistical measurements as compared to daily returns. *Id*. As a result – even if defendants had requested that the Court take judicial notice – the Court still could not because such information is unreliable. *See* Fed. R. Evid. 201; *Hinton v. Dep't of Justice*, 844 F.2d 126, 130 (3d Cir. 1988).

There is no foundational evidentiary basis for the Merck intraday stock chart, it is unreliable, and it is irrelevant to the issues in the case. Therefore, it should be excluded and not considered at summary judgment.

### 2.   Defendants' Charts of Pharmacia's Intraday Stock Price Movements Should Be Excluded

Defendants also seek to admit charts of Pharmacia's intraday stock price movements on February 6, 7, and 8, 2001. These charts also lack foundation, and do not meet the standards of relevancy and reliability under Rule 702 and *Daubert*. Therefore, they are inadmissible and cannot be considered at summary judgment.

### a.   The February 6, 2001 Chart

Defendants cite no evidentiary basis for the February 6, 2001 intraday chart. Defs' SOF, ¶43; Defs' Brf. at 14. Neither Dr. Lehn nor Dr. Steven Feinstein

conducted any analysis of Pharmacia's intraday stock movements on February 6, 2001 to control for price effects caused by market or peer group information.  *See supra*, §II.B.; Ex. 6 (Feinstein Report) at 32-35.  In addition, there are no facts in evidence supporting or establishing the purported prices in the chart, nor have Defendants introduced any evidence establishing that the purported prices in their chart are accurate or reliable.  Therefore, Defendants have not laid proper foundation for the chart's admissibility and it must be excluded.  Fed. R. Evid. 104(a); *Port Auth.*, 245 F. Supp. 2d at 568.

### b.      The February 7, 2001 Chart

Defendants provide no foundational or evidentiary facts for the February 7, 2001 intraday stock price chart.  Defs' SOF, ¶47; Defs' Brf. at 16.  No evidence has been presented to establish that the purported prices in the chart are accurate or reliable.  As the burden is on the party offering the evidence to demonstrate its admissibility and defendants have not provided any evidence to carry that burden, the February 7, 2001 chart should be excluded.  *Boring*, 2011 U.S. Dist. LEXIS 1165, at *7.

Notwithstanding Defendants' failure to lay a foundation for the chart's admissibility and reliability, the only expert that actually looked at intraday pricing data for February 7, 2001 was plaintiffs' expert, Dr. Feinstein, in rebuttal to Dr. Lehn's selective use of Pharmacia intraday trading data. Ex. 7 (July 15, 2011 Rebuttal Report of Steven P. Feinstein, Ph.D., CFA ("Feinstein Rebuttal")), Ex. 9.  Assuming

- 7 -

that defendants are relying upon Dr. Feinstein's report as the evidentiary basis for their February 7, 2001 chart, however, as demonstrated below, the chart appearing in defendants' papers omits a critical $1.50 per share decline that occurred in the morning of February 7, 2001.

## Defendants' Chart



## Plaintiffs' Chart



Plaintiffs' Response to Defendants' Statement of Undisputed Facts Pursuant to Local Rule 56.1, ¶47; *see also* Ex. 7 (Feinstein Rebuttal), Ex. 9.  Whether this omission was clerical or intentional, it demonstrates the incompleteness of and unreliability of defendants' chart.

As defendants have failed to meet their burden of demonstrating that the intraday stock price chart for February 7, 2001 is admissible, it should be excluded.

### c.    The February 8, 2001 Chart

Finally, again defendants cite no evidentiary basis for the February 8, 2001 intraday stock price chart.  Defs' SOF, ¶60; Defs' Brf. at 18.  Without any showing of the chart's admissibility, it must be excluded.

If defendants seek to rely on their expert Dr. Lehn, this reliance would be misplaced, as Dr. Lehn has not conducted an "event study" analysis of the intraday stock price movements to control for market and peer group effects.  Ex. 3 (Lehn Depo.) at 183:25-184:13 (admitting he ***could have done*** an event study on the intraday data, but did not); Ex. 7 (Feinstein Rebuttal) at 32-35; *United States v. Schiff*, 602 F.3d 152, 173 n.29 (3d Cir. 2010) ("An event study . . . 'is a statistical regression analysis that examines the effect of an event [such as the release of information,] on a depend[e]nt variable, such as a corporation's stock price.'"); *In re DVI, Inc. Sec. Litig.*, No. 2:03-cv-05336, 2010 U.S. Dist. LEXIS 92888, at *56-*57 (E.D. Pa. Sept. 3, 2010) ("The 'almost obligatory "event study"' begins by 'isolating stock declines associated with market-wide and industry-wide downturns from those specific to the

- 9 -

company itself,' and then 'consider[ing] firm-specific events that might have caused those declines.'"); *see also supra*, §II.B.; Ex. 6 (Feinstein Report) at 32-35.  Without an event study to control for market or peer group effects – as is required for any admissible expert analysis of stock price movements – the chart offered by defendants does not meet the reliability or relevance standards under Fed. R. Evid. 702 or *Daubert*.  *See SEC v. Berlacher*, No. 07-3800, 2010 U.S. Dist. LEXIS 95759, at *22-*23 (E.D. Pa. Sept. 14, 2010) (excluding expert testimony on why a company's stock price moved where the expert did not conduct an event study); *In re Xerox Corp. Sec. Litig.*, 746 F. Supp. 2d 402, 415-17 (D. Conn. 2010) ("*Daubert* and Rule 702 mandate the exclusion of [expert] testimony" that did not conduct an event study.).  Dr. Lehn himself testified that "[i]f in fact one was unable to do an event study, as I sit here, ***I'm not aware of how one could form an opinion that would be consistent with accepted practice in the scientific literature***" because "event study analysis is the only way that I know of to scientifically test whether there is loss causation."  Ex. 3 (Lehn Depo.) at 9:23-10:24; Ex. 67 (June 7, 2011 Expert Report Concerning Materiality, Loss Causation and Damages by Kenneth M. Lehn ("Lehn Report")), ¶¶44-45.

Without an event study, it is impossible to rule out that the stock price movements observed in Defendants' chart were not caused by movements in general market indices or the Company's industry peers.  Ex. 67 (Lehn Report), ¶¶44-45; Ex. 7 (Feinstein Rebuttal) at 32-33.  Therefore, because no expert has provided any proper, admissible testimony that the intraday stock price movements in defendants'

- 10 -

charts were caused by: (i) movements in the overall stock market or peer group; (ii) random volatility in the stock; (iii) "noise" which disproportionally distorts the reliability of intraday data; or (iv) were not caused by defendants' misrepresentations and the revelation to the market that those misrepresentations were false, defendants' chart is useless for any reliable, admissible evidentiary purpose and should be excluded.  Ex. 6 (Feinstein Report) at 32-35.

Defendants' intraday stock price chart for February 8, 2001 is inadmissible and should be excluded.

**C.    The FDA Documents and Newspaper Articles Relied upon by Defendants Are Inadmissible**

Numerous other documents introduced by and relied upon by defendants in support of their Motion for Summary Judgment are inadmissible and should not be considered.  Defendants rely upon several purported FDA documents without authenticating them or laying a foundation for their admission into evidence.  For example, Hynes Declaration, Ex. 1 is a purported "Medical Officer Review" dated July 8, 1998.  Defendants have not laid any foundation for this document, established its authenticity, and/or established that it is an admissible business record.  Fed. R. Evid. 901, 802, 805.  In contrast, plaintiffs have submitted an affidavit from the FDA laying a business record foundation and proving the authenticity of FDA documents they have submitted into evidence.  *See* Ex. 66.  Defendants' failure to do likewise mandates exclusion of their evidence.

- 11 -

Defendants also rely upon numerous newspaper articles for the truth of the matters asserted.  *See, e.g.*, Hynes Declaration, Ex. 15.  These documents must be excluded as hearsay.  *See May v. Cooperman*, 780 F.2d 240, 262 n.10 (3d Cir. 1985) ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams v. County of Erie*, No. 1:07-cv-316-SJM, 2011 U.S. Dist. LEXIS 112351, at *70 (W.D. Pa. Sept. 30, 2011) ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion.").[5]

Plaintiffs object to the documents proffered by defendants as follows:

| **Defendants' Exhibits** | **Plaintiffs' Objections** |
|---|---|
| Hynes Declaration, Ex. 1, alleged excerpts from the "Medical Officer Review" by James Witter, M.D., Ph.D., dated July 8, 1998. | • Lacks Authentication (Fed. R. Evid. 901).  Defendants have failed to properly authenticate the document.  Rule 901(a) requires the offeror of evidence to provide "evidence sufficient to support a finding that the matter in question is what its proponent claims."  Defendants have not made such a showing with respect to this document, and have not satisfied any of the methods of authentication or identification set forth in Fed. R. Evid. 901(b) – including acquiring authenticating testimony from |

---

[5]     To the extent newspaper articles are not being offered for the truth of the matter asserted, plaintiffs do not object.

|  | a witness with knowledge – to conform to the requirements of Rule 901. |
|--|--|
|  | • Hearsay (Fed. R. Evid. 802 and 805). The cited evidence constitutes out of court statements offered to prove the truth of the matter asserted for which no exception applies. |
| Hynes Declaration, Ex. 2, an alleged copy of the 1999 Celebrex label. | • Lacks Authentication (Fed. R. Evid. 901). Defendants have failed to properly authenticate the document. Rule 901(a) requires the offeror of evidence to provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendants have not made such a showing with respect to this document. Defendants have not satisfied any of the methods of authentication or identification set forth in Fed. R. Evid. 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. |
|  | • Hearsay (Fed. R. Evid. 802 and 805). The cited evidence constitutes out of court statements offered to prove the truth of the matter asserted for which no exception applies. |
| Hynes Declaration, Ex. 8, alleged slide presentation. | • Lacks Authentication (Fed. R. Evid. 901). Defendants have failed to properly authenticate the document. Rule 901(a) requires the offeror of evidence to provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendants have not made any such a showing with respect to this document. Defendants have not satisfied any of the methods of authentication or identification set forth in Fed. R. Evid. 901(b) – including |

- 13 -

|  | acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. |
|  | • Hearsay (Fed. R. Evid. 802 and 805). The cited evidence constitutes out of court statements offered to prove the truth of the matter asserted for which no exception applies. |
| Hynes Declaration, Ex. 11, news article entitled, "Searle to Discuss Adding Celebrex 13-Month Safety Data to Label With FDA." | • Hearsay (Fed. R. Evid. 802 and 805). The exhibit is a news article being offered for the truth of the matters asserted, and must be excluded. *May*, 780 F.2d at 262 n.10 ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams*, 2011 U.S. Dist. LEXIS 112351, at *70 ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion"). |
| Hynes Declaration, Ex. 15, *Reuters* article entitled, "Monsanto, Pharmacia and Upjohn Agree to Merge." | • Hearsay (Fed. R. Evid. 802 and 805). The exhibit is a news article being offered for the truth of the matters asserted, and must be excluded. *May*, 780 F.2d at 262 n.10 ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams*, 2011 U.S. Dist. LEXIS 112351, at *70 ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion"). |
| Hynes Declaration, Ex. 25, alleged copy of the Arthritis Advisory Committee "Notice of | • Lacks Authentication (Fed. R. Evid. 901). Defendants have failed to properly authenticate the document. Rule 901(a) |

- 14 -

| | |
|---|---|
| Meeting," 65 Fed. Reg. 81875, dated December 27, 2000. | requires the offeror of evidence to provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendants have not made any such a showing with respect to this document. Defendants have not satisfied any of the methods of authentication or identification set forth in Fed. R. Evid. 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. |
| | • Hearsay (Fed. R. Evid. 802 and 805). The cited evidence constitutes out of court statements offered to prove the truth of the matter asserted for which no exception applies. |
| Hynes Declaration, Ex. 26, a February 6, 2001 *Bloomberg News* article entitled, "Pharmacia Hasn't Shown Celebrex Safety Benefit, FDA Review Says." | • Hearsay (Fed. R. Evid. 802 and 805). The exhibit is a news article being offered for the truth of the matters asserted, and must be excluded. *May*, 780 F.2d at 262 n.10 ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams*, 2011 U.S. Dist. LEXIS 112351, at *70 ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion"). |
| Hynes Declaration, Ex 28, a letter from the FDA to Pharmacia. | • Lacks Authentication (Fed. R. Evid. 901). Defendants have failed to properly authenticate the document. Rule 901(a) requires the offeror of evidence to provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendants have not made any such a showing with |

|  | respect to this document. Defendants have not satisfied any of the methods of authentication or identification set forth in Fed. R. Evid. 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. |
|  | • Hearsay (Fed. R. Evid. 802 and 805). The cited evidence constitutes out of court statements offered to prove the truth of the matter asserted for which no exception applies. |
| Hynes Declaration, Ex. 29, copy of a *Reuters News* article entitled, "Pharmacia Again Warned about Celebrex Promotion." | • Hearsay (Fed. R. Evid. 802 and 805). The exhibit is a news article being offered for the truth of the matters asserted, and must be excluded. *May*, 780 F.2d at 262 n.10 ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams*, 2011 U.S. Dist. LEXIS 112351, at *70 ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion"). |
| Hynes Declaration, Ex. 30, an alleged copy of Vioxx Briefing Document. | • Lacks Authentication (Fed. R. Evid. 901). Defendants have failed to properly authenticate the document. Rule 901(a) requires the offeror of evidence to provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendants have not made any such showing with respect to this document. Defendants have not satisfied any of the methods of authentication or identification set forth in Fed. R. Evid. 901(b) – including acquiring authenticating testimony from |

- 16 -

|  | a witness with knowledge – to conform to the requirements of Rule 901. |
|  | • Hearsay (Fed. R. Evid. 802 and 805). The cited evidence constitutes out of court statements offered to prove the truth of the matter asserted for which no exception applies. |
| Hynes Declaration, Ex. 33, *Dow Jones Newswire* article entitled "FDA Panel: Celebrex Stomach Claims Not Proven." | • Hearsay (Fed. R. Evid. 802 and 805). The exhibit is a news article being offered for the truth of the matters asserted, and must be excluded. *May*, 780 F.2d at 262 n.10 ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams*, 2011 U.S. Dist. LEXIS 112351, at *70 ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion"). |
| Hynes Declaration, Ex. 35, *Dow Jones Newswire* article entitled "FDA Panel Recommends Modifying Merck's Vioxx Label." | • Hearsay (Fed. R. Evid. 802 and 805). The exhibit is a news article being offered for the truth of the matters asserted, and must be excluded. *May*, 780 F.2d at 262 n.10 ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams*, 2011 U.S. Dist. LEXIS 112351, at *70 ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion"). |
| Hynes Declaration, Ex. 47, alleged slide presentation. | • Lacks Authentication (Fed. R. Evid. 901). Defendants have failed to properly authenticate the document. Rule 901(a) requires the offeror of evidence to |

|  | provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Defendants have not made any such a showing with respect to this document. Defendants have not satisfied any of the methods of authentication or identification set forth in Fed. R. Evid. 901(b) – including acquiring authenticating testimony from a witness with knowledge – to conform to the requirements of Rule 901. |
|  | • Hearsay (Fed. R. Evid. 802 and 805). The cited evidence constitutes out of court statements offered to prove the truth of the matter asserted for which no exception applies. |
| Hynes Declaration, Ex. 52, "FDA Talk Paper," dated June 7, 2002. | • Hearsay (Fed. R. Evid. 802 and 805). The exhibit is a news article being offered for the truth of the matters asserted, and must be excluded. *May*, 780 F.2d at 262 n.10 ("when offered to prove the truth of the matters stated therein, newspaper articles are held inadmissible as hearsay"); *Adams*, 2011 U.S. Dist. LEXIS 112351, at *70 ("news articles are not, in their present form, reducible to admissible evidence and, therefore, they cannot properly be considered in conjunction with the pending summary judgment motion"). |

## III.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court exclude from evidence the following documents that defendants have submitted in support of their Motion for Summary Judgment:  (1) the intraday stock price charts at ¶¶44, 47,

60-61 of the Defs' SOF; and (2)  Exhibits 1, 2, 8, 11, 15, 25-26, 28-30, 33, 35, 47 and

52 to the Hynes Declaration.

DATED:  March 2, 2012                    Respectfully submitted,

                                         COHN LIFLAND PEARLMAN
                                           HERRMANN & KNOPF LLP
                                         PETER S. PEARLMAN


                                              s/ Peter S. Pearlman
                                         PETER S. PEARLMAN

                                         Park 80 West – Plaza One
                                         250 Pehle Avenue, Suite 401
                                         Saddle Brook, NJ  07663
                                         Telephone:  201/845-9600
                                         201/845-9423 (fax)

                                         Liaison Counsel

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         PATRICK J. COUGHLIN
                                         ARTHUR C. LEAHY
                                         SCOTT H. SAHAM
                                         LUCAS F. OLTS
                                         MATTHEW I. ALPERT
                                         JENNIFER L. GMITRO
                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)

- 19 -

686758_1

SCOTT + SCOTT LLP
CHRISTOPHER M. BURKE
MATTHEW P. MONTGOMERY
DAVID H. GOLDBERGER
707 Broadway, 10th Floor
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)

MOTLEY RICE LLC
JOSEPH F. RICE
LANCE OLIVER
JOSHUA C. LITTLEJOHN
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

Counsel for Plaintiffs

SUGARMAN & SUSSKIND
ROBERT SUGARMAN
2801 Ponce De Leon Blvd., Suite 750
Coral Gables, FL  33314
Telephone:  305/529-2801
305/447-8115 (fax)

Additional Counsel for Plaintiffs

- 20 -