UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

------------------------------------ X
:
ALASKA ELECTRICAL PENSION FUND, et        CIVIL ACTION NO.: 03-1519 (AET)
al., On Behalf of Themselves and All Others   :   (Consolidated Class Action)
Similarly Situated,
:   The Hon. Anne E. Thompson
        Plaintiffs,
:
    -against-
DOCUMENT FILED
PHARMACIA CORPORATION, et al.,          :   ELECTRONICALLY

        Defendants.           :
:
------------------------------------ X

## DECLARATION OF LYNN K. NEUNER, ESQ.

    I, Lynn K. Neuner, Esq., submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

    1.    I am a member of the firm Simpson Thacher & Bartlett LLP, counsel to Defendants in the above-captioned action.  I respectfully submit this declaration with regard to the Reply in Further Support of Plaintiffs' Motion for Approval of Class Notice and Directing Class Notice Procedures (Dkt. 355) and the Declaration of Scott H. Saham in Further Support of Plaintiffs' Motion for Approval of Class Notice and Directing Class Notice Procedures (Dkt. 355-2).  Specifically, I submit this declaration to correct the impression created by Plaintiffs' reply papers that Defendants did not respond to repeated efforts to confer regarding the proposed class notice.

    2.    In Plaintiffs' reply memorandum, Plaintiffs claim that their efforts to meet and confer with Defendants regarding the form of class notice were "repeatedly rebuffed." Pls.

Reply at 1. In support of this contention, Plaintiffs submitted a declaration stating that Plaintiffs' counsel emailed Defendants' counsel three times – on May 30, May 31, and June 1, 2012 – and that they conferred with Defendants' counsel on June 5. *See* Declaration of Scott H. Saham in Further Support of Plaintiffs' Motion for Approval of Class Notice and Directing Class Notice Procedures, Exs. 1-3 (Dkt. 355-2).

3. The impression Plaintiffs have created is that Plaintiffs' counsel contacted Defendants' counsel three times over a week with no response and finally forced Defendants' counsel to have a discussion with them on June 5. This is not the case.

4. On May 29, 2012, Mr. Saham emailed me proposed notice documents and asked whether Defendants would stipulate to the form of the proposed notice. Within an hour of this email, I emailed Mr. Saham a response with a substantive question about the class notice process. Attached hereto as Exhibit A is a true and correct copy of an email exchange dated May 29, 2012, between Scott H. Saham, Esq. and Lynn K. Neuner, Esq. regarding the proposed notice.

5. The next day, on May 30, 2012, Mr. Saham emailed me again to ask whether Defendants would stipulate to the proposed notice. Within an hour, I emailed Mr. Saham a response with another substantive question and informed Mr. Saham that Defendants were reviewing pertinent case law on the matter. Attached hereto as Exhibit B is a true and correct copy of an email exchange dated May 30, 2012, between Scott H. Saham, Esq. and Lynn K. Neuner, Esq., copying John Dougherty, Esq. regarding the proposed notice.

6. Two days later, on June 1, 2012, Mr. Saham emailed me again to say that the Plaintiffs would file a motion if Defendants would not agree to the notice. That same day, I called Mr. Saham and had a substantive discussion with him about the timing of the notice and

the substance of the proposed notice. During that call, I advised Mr. Saham that the original notice documents Plaintiffs sent to Defendants looked insufficient to describe the proceedings. Mr. Saham stated that Plaintiffs would be willing to add more detail if Defendants were willing to stipulate to the notice. I advised Mr. Saham that Defendants may not be willing to stipulate to the notice based on our reading of the case law that the notice should be not sent while a motion for summary judgment is being decided. During that call, Mr. Saham and I scheduled a follow-up call regarding the notice for June 5, 2012 so that my clients could be further consulted.

7. On June 5, 2012, Mr. Saham and I emailed regarding our follow-up call and I advised that I was conferring with my clients to obtain their final position. Attached hereto as Exhibit C is a true and correct copy of an email exchange dated June 5, 2012, between Scott H. Saham, Esq. and Lynn K. Neuner, Esq. regarding our follow-up call.

8. On June 5, 2012, Mr. Saham and I had a telephone call in which I conveyed my clients' final position regarding the proposed notice documents. I stated that based on the relevant case law, Defendants believed that the class notice should not be sent to class members while a fully-briefed motion for summary judgment is being considered by the Court. I advised that Defendants would include our modifications to the proposed notice documents in our opposition to Plaintiffs' motion given the timing involved because Plaintiffs wanted to file their motion by June 8.

9. On June 26, I asked Mr. Saham to correct the impression created by Plaintiffs' papers that Defendants did not respond to Plaintiffs' emails. Mr. Saham declined. While Defendants do not agree with Plaintiffs' position regarding the class notice in this case, we believe it is in the Court's discretion how to proceed. We think it only fair that the Court understand the actual course of discussions between the parties and want the Court to know that

Defendants' counsel take seriously the obligation to meet and confer with adversaries in good faith.

I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

Executed on the 27th day of June, 2012.

_____
Lynn K. Neuner

# Exhibit A

# Neuner, Lynn

**From:** Scott Saham [ScottS@rgrdlaw.com]
**Sent:** Tuesday, May 29, 2012 5:48 PM
**To:** Neuner, Lynn
**Subject:** RE: Pharmacia - Notice of Pendency of Class Action

Lynn, you are correct that Notice was not sent out previously. With respect to timing it is not clear if the court will rule on summary judgment prior to the trial or if such a ruling does occur, when it will be made. Given that the court has set the trial date, we need to trigger notice off of that date. Accordingly, please get back to me as soon as possible with your clients position regarding whether or not they are amenable to stipulate to the form of notice.

Thanks
Scott

---

**From:** Neuner, Lynn [mailto:lneuner@stblaw.com]
**Sent:** Tuesday, May 29, 2012 1:37 PM
**To:** Scott Saham
**Subject:** RE: Pharmacia - Notice of Pendency of Class Action

Scott: We'll take a look and get back to you. On timing, I take it that a class notice was not sent out in 2009 when the District Court entered the new class period. At this point, wouldn't it make more sense to wait for the summary judgment ruling? Regards, Lynn

---

**From:** Scott Saham [mailto:ScottS@rgrdlaw.com]
**Sent:** Tuesday, May 29, 2012 4:19 PM
**To:** Neuner, Lynn
**Subject:** Pharmacia - Notice of Pendency of Class Action

Lynn, attached is a proposed form of Notice and Summary Notice of Pendency of Class Action as well as a proposed stipulation and order approving issuance of the Notice. Please let me know if defendants are willing to stipulate to the proposed form of Notice. If you are unwilling to stipulate to the Notice, please let me know as soon as possible so that we can file the appropriate motion. I am available to discuss the form of Notice should you have any comments or concerns. Your prompt attention is appreciated as issuance of the Notice is obviously time sensitive.

Thank you



NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender

by reply email and destroy all copies of the original message.

# Exhibit B

# Neuner, Lynn

**From:** Neuner, Lynn
**Sent:** Wednesday, May 30, 2012 3:06 PM
**To:** 'Scott Saham'
**Cc:** 'john.dougherty@dlapiper.com'
**Subject:** RE: Pharmacia - Notice

Scott: We are still looking into this and want to look at the case law regarding sending notice when there is a pending summary judgment motion to be decided by the Court and when there is a trial date. If you have looked into that and have anything to share, that could help streamline the process. Thanks, Lynn (and John)

**From:** Scott Saham [mailto:ScottS@rgrdlaw.com]
**Sent:** Wednesday, May 30, 2012 2:35 PM
**To:** Neuner, Lynn
**Subject:** Pharmacia - Notice

Lynn, please let me know whether you are amenable to stipulating to the entry of notice by the end of this week. If we are unable to reach agreement on a form of stipulation and notice we intend to file a motion seeking approval of the process outlined in the stipulation and form of notice that I sent you yesterday, by the end of next week. I am available to discuss this matter at your convenience.

Best,



NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# Exhibit C

## Neuner, Lynn

**From:** Scott Saham [ScottS@rgrdlaw.com]
**Sent:** Tuesday, June 05, 2012 3:20 PM
**To:** Neuner, Lynn
**Subject:** RE: Pharmacia

ok I will call you at 5:00 ET.

---

**From:** Neuner, Lynn [mailto:lneuner@stblaw.com]
**Sent:** Tuesday, June 05, 2012 12:18 PM
**To:** Scott Saham
**Subject:** RE: Pharmacia

Scott: Can we actually reschedule to 5:00 ET today? I am speaking with the client at 4:00 for their final view. Thanks, Lynn

---

**From:** Scott Saham [mailto:ScottS@rgrdlaw.com]
**Sent:** Tuesday, June 05, 2012 2:11 PM
**To:** Neuner, Lynn
**Subject:** Pharmacia

Lynn, if you would prefer to talk at 2:30 ET instead of 3:30 ET today I can now do the call at that time. Just let me know.

thanks



NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.