COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN
ARTHUR C. LEAHY
KEITH F. PARK
SCOTT H. SAHAM
LUCAS F. OLTS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated, | No. 03-1519 (AET) **(Consolidated)** |
| Plaintiffs, | CLASS ACTION |
| vs. | STIPULATION OF SETTLEMENT |
| PHARMACIA CORPORATION, et al., | |
| Defendants. | |

This Stipulation of Settlement dated as of October 5, 2012 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined herein): (i) Plaintiffs Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund, Chemical Valley Pension Fund of West Virginia and PACE Industry Union-Management Pension Fund (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation (as defined herein); and (ii) Defendants Pharmacia Corporation ("Pharmacia"), Pfizer Inc. ("Pfizer"), Fred Hassan ("Hassan"), Carrie Cox ("Cox"), and G. Steven Geis ("Geis"), by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION

Between April 7 and May 14, 2003, Pharmacia Corporation ("Pharmacia" or the "Company") stockholders filed six class action lawsuits against Pharmacia and others (collectively, the "Defendants") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). The cases were consolidated before the Honorable Anne E. Thompson, in the United States District Court, District of New Jersey, and the case is titled *Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.* (the "Litigation"). By an order dated August 5, 2003,

- 1 -

the Court appointed the following plaintiffs as "Lead Plaintiffs" pursuant to the requirements of the Private Securities Litigation Reform Act of 1995: Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund and PACE Industry Union-Management Pension Fund. The Lead Plaintiffs seek to recover money and other relief for the Class. The Defendants in the Litigation are Pharmacia, Pfizer Inc. ("Pfizer") and three individuals: Fred Hassan ("Hassan"), Pharmacia's former Chairman and CEO; Carrie Cox ("Cox"), Pharmacia's former Executive Vice President and President, Global Prescription Business; and G. Steven Geis ("Geis"), Pharmacia's former Global Vice President for Arthritis, Cardiovascular, and Oncology. Lead Plaintiffs allege that between April 17, 2000 and August 5, 2001 (the "Class Period"), Defendants misrepresented the results of a clinical trial of Pharmacia's largest-selling product, an arthritis drug called Celebrex. Lead Plaintiffs allege that the trial, called the Celecoxib Long-term Arthritis Safety Study ("CLASS") lasted over one year and was designed to show that Celebrex causes fewer complicated ulcers than two older drugs, ibuprofen and diclofenac. Lead Plaintiffs allege that Defendants misrepresented the findings of CLASS to investors by disclosing only the favorable results from the first six months of the study and concealing the unfavorable results from the entire study, which lasted as long as 13 months for some patients. Lead Plaintiffs also allege that Defendants concealed the fact that Celebrex showed no safety advantage over diclofenac. Lead

- 2 -

Plaintiffs allege that Defendants' omissions and misrepresentations caused Pharmacia's stock to trade at artificially inflated prices during the Class Period and that Lead Plaintiffs and Members of the Class were damaged as a result.

Defendants deny all these allegations. Specifically, Defendants contend that they openly disclosed that CLASS lasted longer than six months, that the study failed as to its primary endpoint, and that the reported results were of the first six months of the study, which was the minimum period of exposure for all patients. Contemporaneous articles also disclosed that CLASS had more than six months of data and did not show statistical significance as to the primary endpoint. Defendants contend that Plaintiffs' allegations are not based on valid science or proper ways to report the clinical data. Defendants also contend that when the full dataset from CLASS became publicly available, Pharmacia's share price was not affected, and that Plaintiffs cannot claim damages for losses caused by intervening events related to FDA decisions regarding the labels for Celebrex and a competitor drug.

On May 19, 2004, the Court denied Defendants' motion to dismiss. Thereafter, Defendants filed an answer denying all material allegations of Lead Plaintiffs' Consolidated Complaint for Violation of the Federal Securities Laws and asserting their defenses. On January 25, 2007, the Court entered an order certifying the Class defined as: "all persons who purchased or otherwise acquired Pharmacia Corporation common stock during the period starting April 17, 2000 and ending February 6, 2001," inclusive of those dates. On May 31, 2007, Defendants moved for summary

judgment arguing that the action was time-barred by the applicable statute of limitations. On October 30, 2007, the Court granted Defendants' motion for summary judgment. Lead Plaintiffs appealed, and on January 30, 2009, the Third Circuit Court of Appeals reversed the lower Court's summary judgment decision, ruled that the appropriate ending date for the Class Period is August 5, 2001, and vacated and remanded for further proceedings.

On January 31, 2012, Defendants filed a second motion for summary judgment arguing, among other things, that Plaintiffs cannot prove that Defendants made misstatements because the allegedly omitted information was disclosed; that Plaintiffs cannot prove loss causation because the allegedly withheld data was available to the public before the market opened on February 6, 2001, and because Pharmacia's stock price did not have a statistically significant drop on that date; that the Individual Defendants did not act with the required state of mind to establish a violation of the federal securities laws; that the individuals did not actually make the alleged misstatements; and that defendant Pfizer could not be liable because it is not a successor-in-interest to defendant Pharmacia. On that same date, defendants Pfizer and Cox also filed a motion for judgment on the pleadings asserting that, based on the Third Circuit's decision, the claims were time-barred as to them because they were not added to the case until October 2003. On May 14, 2012, the Court denied Pfizer and Cox's motion for judgment on the pleadings. At the time settlement was reached, Defendants' motion for summary judgment was still awaiting a decision by the Court.

- 4 -

The Court had also set a date for the trial of this matter to commence on October 22, 2012.

During the Litigation, the Settling Parties engaged the services of Judge Layn Phillips (Ret.), a nationally recognized mediator. The parties engaged in two in-person mediation sessions with Judge Phillips and numerous telephonic exchanges regarding a potential settlement of the Litigation. Ultimately the parties agreed to settle the action based upon the proposal of Judge Phillips.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny any improper conduct or violation of the federal securities laws or any other laws or regulations and are settling the Litigation solely to avoid the burden and expense of further litigation. In addition, Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Plaintiffs or the Class have suffered any damage; that the prices of Pharmacia common stock were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise; that the Plaintiffs or the Class were harmed by the conduct alleged in the Litigation; or that Defendants knew

- 5 -

748580_4

or were reckless with respect to the alleged misconduct. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation and believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further conduct of the Litigation would be protracted, burdensome and expensive, and that it is desirable that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

This Stipulation, and all related documents, shall not be construed as or deemed to be evidence of or an admission or concession on the part of the Defendants, or any of the Related Parties (as defined herein), with respect to any allegation or claim of any fault or liability or wrongdoing or damage whatsoever.

## III.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the

- 6 -

Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the settlement set forth herein, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

748580_4

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Pharmacia Corporation during the period from April 17, 2000 through August 5, 2001, inclusive, excluding Defendants, the officers and directors of Pharmacia during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

1.4    "Class Counsel" means Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park, Scott H. Saham, 655 W. Broadway, Suite 1900, San Diego, CA 92101, Motley Rice LLC, Joseph F. Rice, Gregg S. Levin, Lance V. Oliver and Joshua C. Littlejohn, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464 and Scott + Scott LLP, David R. Scott, 156 South Main Street, P.O. Box 192, Colchester, CT 06415.

1.5    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.6    "Class Period" means the period commencing on April 17, 2000 through and including August 5, 2001.

1.7    "Defendants" means Pharmacia, Pfizer, Hassan, Cox and Geis.

- 8 -

1.8    "Effective Date," or the date upon which this settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal that concerns only the issue of Plaintiffs' attorneys' fees and expenses, Plaintiffs' reimbursement, the Plan of

- 9 -

Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.11 "Individual Defendants" means Fred Hassan, Carrie Cox and G. Steven Geis.

1.12 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park, Scott H. Saham, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

1.14 "Lead Plaintiffs" means Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund, and PACE Industry Union-Management Pension Fund.

1.15 "Litigation" means the consolidated actions under case number 03-1519 (AET).

1.16 "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses, and interest and any award to Plaintiffs, provided for herein or approved by the Court and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

- 10 -

748580_4

1.17   "Notice Date" means the date on which Lead Counsel shall cause a copy of the Notice and Proof of Claim, substantially in the forms of Exhibits A-1 and A-2 attached hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort.

1.18   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19   "Pfizer" means Pfizer Inc.

1.20   "Pharmacia" means Pharmacia Corporation.

1.21   "Plaintiffs" means Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund, Chemical Valley Pension Fund of West Virginia and PACE Industry Union-Management Pension Fund.

1.22   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court.  Any Plan of

- 11 -

748580_4

Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.23 "Related Parties" means each of a Defendant's families, parent entities, business units, business divisions, associates, affiliates or subsidiaries and each and all of their past, present, or future officers, directors, stockholders, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors, and assigns or other Persons or other entities in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and any other representatives of any of these Persons or other entities, whether or not any such Related Parties were named, served with process or appeared in the Litigation.

1.24 "Released Claims" shall collectively mean any and all claims arising from both the purchase or other acquisition of Pharmacia Corporation common stock during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Plaintiff(s) in the Litigation (the "Release"), including any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Litigation or in any court, tribunal,

- 12 -

748580_4

forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class. This Release extends to any and/or all Defendants and any and/or all of their Related Parties. The claims asserted in the following pending actions are expressly excluded from the Release: *In re Pfizer Inc. Sec. Litig.*, 1:04-cv-09866-LTS-HBP (S.D.N.Y.); *Jones v. Pfizer Inc., et al.*, 1:10-cv-03864-AKH (S.D.N.Y.); *City of Livonia Employees' Retirement System v. Wyeth, et al.*, 1:07-cv-10329-RJS (S.D.N.Y.); and *Security Police and Fire Professionals of America Retirement Fund v. Pfizer Inc., et al.*, No. 10-cv-3105-SDW-MCA (D.N.J.). "Released Claims" includes "Unknown Claims" as defined in ¶1.30 hereof.

1.25   "Released Persons" means each and all of the Defendants and their Related Parties.

1.26   "Settlement Amount" means $164,000,000 in cash to be paid pursuant to ¶2.1 of this Stipulation.

1.27   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.28   "Settling Parties" means, collectively, the Defendants, Plaintiffs and the Class.

- 13 -

748580_4

1.29  "Tax" or "Taxes" means any and all taxes, fees levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

1.30  "Unknown Claims" means any Released Claims that Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

748580_4

The Plaintiffs expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

748580_4

2.      **The Settlement**

a.      **The Settlement Fund**

2.1      (a)      In consideration of the full and final settlement, satisfaction, compromise, and release of the Released Claims, Defendants shall cause to be paid the Settlement Amount as follows: (i) 15 business days after the District Court preliminarily approves the settlement, $1,000,000 will be deposited into an escrow account established by and under the control of Lead Counsel; and (ii) within 15 business days of the District Court's entry of the Judgment, the remainder of the Settlement Amount will be deposited into the escrow account, subject to the provisions of this Stipulation including ¶7.3. Lead Counsel will provide Defendants with the necessary details of the escrow account (name/address of bank, routing number, account number, and account name). The Escrow Agent shall deposit the Settlement Amount in a segregated escrow account maintained by the Escrow Agent. The Settling Parties agree that payment of the Settlement Amount shall be effected by and the responsibility of Pfizer and Pharmacia and not the Individual Defendants.

(b)      Lead Counsel may draw up to $1,000,000 from the Settlement Account immediately after the funding described in ¶2.1(a), to be used to pay the reasonable costs of providing notice of the settlement to the Class Members, as well as customary administration costs. With the exception of amounts disbursed for providing notice to the Class, customary administration costs, and the payment of any awarded attorneys' fees and expenses as set forth in ¶6.2, the Settlement Account

- 16 -

748580_4

(including accumulated interest) shall not be distributed until Judgment becomes Final.

### b.    The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to the Stipulation and/or further order(s) of the Court.

748580_4

2.6     Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any ("Notice and Administration Expenses").

### c.     Taxes

2.7     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund

- 18 -

748580_4

(including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for any Taxes or Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent

- 19 -

748580_4

out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.   Termination of Settlement

2.8    In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel to the Defendants in accordance with ¶7.4 herein.

### 3.   Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of the Stipulation, Class Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the

- 20 -

748580_4

"Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing as defined below.

3.2    Class Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Plaintiffs' request for expenses, if any.

**4.    Releases**

4.1    Upon the Effective Date, as defined in ¶1.8 hereof, Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2    The Proof of Claim to be executed by Class Members shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, as defined in ¶1.8 hereof, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and

748580_4

enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum that tries to assert the Released Claims against any of the Released Persons.

4.4    Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, their counsel, and the Class (except any Class Member who opts out of the settlement) for all claims arising out of the initiation, litigation, and resolution of the Litigation, except claims to enforce the settlement.

## 5.    Administration and Calculation of Claims and Supervision and Distribution of the Settlement Fund

5.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement

- 22 -

Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)     to pay attorneys' fees and expenses of counsel to the Plaintiffs (the "Fee and Expense Award"), and the Plaintiffs' expenses, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.4-5.9.

5.4     Within ninety (90) days after the Notice Date or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may

- 23 -

be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

   5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time from the initial date of distribution of the Net Settlement Fund, Class Counsel shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization to be agreed upon by Plaintiffs and Defendants.

   5.7    The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9

- 24 -

748580_4

hereof; and the Class Members, Plaintiffs, and Class Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the investment or distribution of the Settlement Fund.

5.8    No Person shall have any claim against Plaintiffs, Plaintiffs' counsel or the Claims Administrator, or any other Person designated by Class Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court. Other than claims that distributions were not made substantially in accordance with the Stipulation and the settlement contained herein, when the Court approves distribution to the Class, all claims of any Class Member against Plaintiffs, Plaintiffs' counsel or the Claims Administrator concerning or arising out of this Litigation will be forever extinguished.

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel the Stipulation or affect or delay the finality

- 25 -

748580_4

of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.      Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1      Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2      The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Account, within five (5) business days after the later of (i) the date the District Court enters an order awarding such fees and expenses and (ii) the date the Defendants make the second payment in accordance with ¶2.1 above. Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' counsel in a manner in which it in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3      Lead Counsel shall be obligated and liable (a) to repay promptly such fees and expenses in full, and interest thereon, in the event that (i) the Effective Date does not occur or (ii) the settlement is terminated in accordance with ¶7.3 below, and

- 26 -

(b) to repay promptly such fees and expenses in an appropriate amount, and interest thereon, in the event of a reduction of such an award of fees and expenses.

6.4     Plaintiffs may submit an application for their time and expenses incurred in the prosecution of the Litigation.  However, in the event that the Effective Date does not occur, or the judgment or the order approving Plaintiffs' application for their time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, then each Plaintiff shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amount previously paid to it from the Settlement Fund for time and expenses in an amount consistent with such reversal or modification, plus interest thereon.

6.5     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' counsel for attorneys' fees and expenses, or the expenses of the Plaintiffs, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Plaintiffs' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

- 27 -

748580_4

6.6    Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to Lead Counsel over and above payment out of the Settlement Fund.

6.7    Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

## 7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    Defendants have timely made or caused to be made their contributions to the Settlement Fund, as required by ¶2.1 hereof;

(b)    Defendants have not exercised the option set forth in ¶7.3;

(c)    the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)    the Judgment has become Final, as defined in ¶1.10 hereof.

7.2    Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be

- 28 -

748580_4

absolutely and forever extinguished.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Class Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.3    The Defendants shall have the option to terminate the settlement in the event that Class Members representing more than a certain percentage of Pharmacia shares purchased or otherwise acquired during the Class Period have timely and validly excluded themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Plaintiffs and the Defendants. Class Members shall have 45 days from the Notice Date to postmark any request to opt out in order to be considered for exclusion from the Class.  If the Court requires that the Supplemental Agreement be filed, it shall be filed under seal with the Court.

7.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Class Counsel, the Settlement Fund, less expenses that have either been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded by the Escrow Agent directly to the entities that provided the funds based on their pro rata contribution to the Settlement Amount.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses

- 29 -

748580_4

incurred in connection with such application(s) for refund, directly to the entities that provided the funds based on their pro rata contribution to the Settlement Amount.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of August 23, 2012.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.30, 2.6-2.8, 6.3-6.4, 7.4-7.6, and 8.3-8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of Plaintiffs' counsel or expenses to the Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.6 or 2.7.  In addition, any expenses already incurred pursuant to ¶¶2.6 or 2.7 hereof at the time of such termination or cancellation but that have not been paid, shall be paid by the Escrow

- 30 -

Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

### 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate the settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.3    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of

- 31 -

748580_4

the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    All orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation. Plaintiffs and Defendants and their counsel will not, at any time, make public statements (which includes press releases, communications to the press or other media, statements on the Internet, speeches, or other communications in public fora) concerning the settlement, the Litigation, or the parties, witnesses, individuals or counsel involved in the Litigation, apart from their respective press releases announcing the settlement, with the exceptions that (a) Plaintiffs and Defendants shall have the right to disclose the settlement to comply with their financial, legal, reporting, and securities obligations, and (b) Plaintiffs and Defendants shall have the right to take actions to enforce the settlement to the extent necessary.

- 32 -

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.8     Class Counsel, on behalf of the Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which that they deem appropriate.

8.9     Plaintiffs and their counsel represent and warrant that none of Plaintiffs' claims or causes of actions that could have been alleged in the Litigation have been assigned, encumbered or in any manner transferred in whole or in part.

8.10   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

8.11   The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

8.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.14   The rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.  The Settling Parties agree to mediate in good faith any dispute regarding the terms of the Stipulation with Judge Layn Phillips (Ret.), if he is available.

748580_4

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

executed, by their duly authorized attorneys, dated as of October 5, 2012.

Attorneys for Plaintiffs and the Class:

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

By: _____
Peter S. Pearlman
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
201-845-9600
201-845-9423 (Fax)
*Liaison Counsel*

ROBBINS GELLER RUDMAN
& DOWD LLP

By: _____
Patrick J. Coughlin
Arthur C. Leahy
Keith F. Park
Scott H. Saham
Lucas F. Olts
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
619-231-7423 (Fax)

Attorneys for Defendants:

NORRIS, McLAUGHLIN &
MARCUS, P.A.

By: _____
William A. Dreier
Steven A. Karg
721 Route 202-206, Suite 200
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
908-722-0700
908-722-0755 (Fax)
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*

DLA PIPER LLP (US)

By: _____
John C. Dougherty (*pro hac vice*)
6225 Smith Avenue
Baltimore, MD 21209-3600
410-580-3000
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*

Michael D. Hynes
Michael S. Wigotsky (*pro hac vice*)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
212-335-4500
212-335-4501 (Fax)

- 35 -

748580_4

MOTLEY RICE LLC

By:_____
Joseph F. Rice
Gregg S. Levin
Lance V. Oliver
Joshua C. Littlejohn
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (Fax)

SCOTT + SCOTT LLP

By:_____
David R. Scott
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone: 860/537-5537
860/537-4432 (Fax)

*Attorneys for Plaintiffs and the Class*

SIMPSON THACHER &
   BARTLETT LLP

By:_____
Lynn K. Neuner (*pro hac vice*)
George S. Wang (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017-3954
212-455-2000
212-455-2502 (Fax)
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*

O'MELVENY & MYERS LLP

By:_____
Jonathan Rosenberg (*pro hac vice*)
Edward N. Moss (*pro hac vice*)
Allen Burton
Times Square Tower
7 Times Square
New York, New York 10036
212-326-2000
212-326-2061 (Fax)
*Attorneys for Defendant Fred Hassan*

ALLEN & OVERY LLP

By:_____
Pamela Rogers Chepiga (*pro hac vice*)
Josephine A. Cheatham (*pro hac vice*)
Jacob S. Pultman
1221 Avenue of the Americas
New York, New York 10020
212-610-6300
212-610-6399 (Fax)
*Attorneys for Defendant Carrie Cox*

MANATT, PHELPS & PHILLIPS, LLP

- 36 -

748580_4

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

executed, by their duly authorized attorneys, dated as of October 5, 2012.

Attorneys for Plaintiffs and the Class:

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP


By:_____
Peter S. Pearlman
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
201-845-9600
201-845-9423 (Fax)
*Liaison Counsel*


ROBBINS GELLER RUDMAN
& DOWD LLP


By:_____
Patrick J. Coughlin
Arthur C. Leahy
Keith F. Park
Scott H. Saham
Lucas F. Olts
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
619-231-7423 (Fax)

Attorneys for Defendants:

NORRIS, McLAUGHLIN &
MARCUS, P.A.


By:_____
William A. Dreier
Steven A. Karg
721 Route 202-206, Suite 200
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
908-722-0700
908-722-0755 (Fax)
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*


DLA PIPER LLP (US)


By:_____
John C. Dougherty (*pro hac vice*)
6225 Smith Avenue
Baltimore, MD 21209-3600
410-580-3000
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*


Michael D. Hynes
Michael S. Wigotsky (*pro hac vice*)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
212-335-4500
212-335-4501 (Fax)

- 35 -

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

executed, by their duly authorized attorneys, dated as of October 5, 2012.

Attorneys for Plaintiffs and the Class:

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP


By:_____
Peter S. Pearlman
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
201-845-9600
201-845-9423 (Fax)
*Liaison Counsel*


ROBBINS GELLER RUDMAN
& DOWD LLP


By:_____
Patrick J. Coughlin
Arthur C. Leahy
Keith F. Park
Scott H. Saham
Lucas F. Olts
655 West Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
619-231-7423 (Fax)

Attorneys for Defendants:

NORRIS, McLAUGHLIN &
MARCUS, P.A.


By:_____
William A. Dreier
Steven A. Karg
721 Route 202-206, Suite 200
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
908-722-0700
908-722-0755 (Fax)
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*


DLA PIPER LLP (US)


By:_____
John C. Dougherty (*pro hac vice*)
6225 Smith Avenue
Baltimore, MD 21209-3600
410-580-3000
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*


Michael D. Hynes
Michael S. Wigotsky (*pro hac vice*)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
212-335-4500
212-335-4501 (Fax)

- 35 -

MOTLEY RICE LLC

By:_____
Joseph F. Rice
Gregg S. Levin
Lance V. Oliver
Joshua C. Littlejohn
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (Fax)

SCOTT + SCOTT LLP

By:_____
David R. Scott
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-5537
860/537-4432 (Fax)

*Attorneys for Plaintiffs and the Class*

SIMPSON THACHER &
   BARTLETT LLP

By: *Lynn K. Neuner*
Lynn K. Neuner (*pro hac vice*)
George S. Wang (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017-3954
212-455-2000
212-455-2502 (Fax)
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*

O'MELVENY & MYERS LLP

By:_____
Jonathan Rosenberg (*pro hac vice*)
Edward N. Moss (*pro hac vice*)
Allen Burton
Times Square Tower
7 Times Square
New York, New York 10036
212-326-2000
212-326-2061 (Fax)
*Attorneys for Defendant Fred Hassan*

ALLEN & OVERY LLP

By:_____
Pamela Rogers Chepiga (*pro hac vice*)
Josephine A. Cheatham (*pro hac vice*)
Jacob S. Pultman
1221 Avenue of the Americas
New York, New York 10020
212-610-6300
212-610-6399 (Fax)
*Attorneys for Defendant Carrie Cox*

- 36 -

748580_4

MOTLEY RICE LLC


By:_____
Joseph F. Rice
Gregg S. Levin
Lance V. Oliver
Joshua C. Littlejohn
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (Fax)


SCOTT + SCOTT LLP


By:_____
David R. Scott
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  860/537-5537
860/537-4432 (Fax)


*Attorneys for Plaintiffs and the Class*

SIMPSON THACHER &
   BARTLETT LLP


By:_____
Lynn K. Neuner (*pro hac vice*)
George S. Wang (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017-3954
212-455-2000
212-455-2502 (Fax)
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*


O'MELVENY & MYERS LLP


By:_____
Jonathan Rosenberg (*pro hac vice*)
Edward N. Moss (*pro hac vice*)
Allen Burton
Times Square Tower
7 Times Square
New York, New York 10036
212-326-2000
212-326-2061 (Fax)
*Attorneys for Defendant Fred Hassan*


ALLEN & OVERY LLP


By:_____
Pamela Rogers Chepiga (*pro hac vice*)
Josephine A. Cheatham (*pro hac vice*)
Jacob S. Pultman
1221 Avenue of the Americas
New York, New York 10020
212-610-6300
212-610-6399 (Fax)
*Attorneys for Defendant Carrie Cox*


- 36 -

MOTLEY RICE LLC

By:_____
Joseph F. Rice
Gregg S. Levin
Lance V. Oliver
Joshua C. Littlejohn
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (Fax)

SCOTT + SCOTT LLP

By:_____
David R. Scott
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-5537
860/537-4432 (Fax)

*Attorneys for Plaintiffs and the Class*

SIMPSON THACHER &
 BARTLETT LLP

By:_____
Lynn K. Neuner (*pro hac vice*)
George S. Wang (*pro hac vice*)
425 Lexington Avenue
New York, New York 10017-3954
212-455-2000
212-455-2502 (Fax)
*Attorneys for Defendants Pharmacia
Corporation and Pfizer Inc.*

O'MELVENY & MYERS LLP

By:_____
Jonathan Rosenberg (*pro hac vice*)
Edward N. Moss (*pro hac vice*)
Allen Burton
Times Square Tower
7 Times Square
New York, New York 10036
212-326-2000
212-326-2061 (Fax)
*Attorneys for Defendant Fred Hassan*

ALLEN & OVERY LLP

By:_____
Pamela Rogers Chepiga (*pro hac vice*)
Josephine A. Cheatham (*pro hac vice*)
Jacob S. Pultman
1221 Avenue of the Americas
New York, New York 10020
212-610-6300
212-610-6399 (Fax)
*Attorneys for Defendant Carrie Cox*

748580_4

MANATT, PHELPS & PHILLIPS, LLP

By: _____

Ronald G. Blum (*pro hac vice*)
Amy Terry Sheehan (*pro hac vice*)
Kenneth D. Friedman
7 Times Square
New York, New York 10036
212-790-4500
212-790-4545 (Fax)
*Attorneys for Defendant G. Steven Geis*

748580_4

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated, | No. 03-1519 (AET) **(Consolidated)** |
| Plaintiffs, | CLASS ACTION |
| vs. | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| PHARMACIA CORPORATION, et al., | |
| Defendants. | EXHIBIT A |

744620_4

WHEREAS, a consolidated action is pending before this Court styled *Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation et. al*, No. 03-1519(AET) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of October 5, 2012 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2013, at _____.m., at the United States District Court for the District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Courtroom 4W, Trenton, New Jersey, to determine whether the

- 1 -

744620_4

proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate, and should be approved; to determine the amount of fees and expenses that should be awarded to counsel for the Plaintiffs; and to determine the amount of expenses that should be awarded to Plaintiffs.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

3.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Class Counsel shall make reasonable efforts to identify all Persons who are Members of the Class and not later than fourteen (14) days from the date of

- 2 -

744620_4

this Order, Class Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort (the "Notice Date");

        (b)    Not later than ten (10) days from the Notice Date, Class Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and on *Business Wire*; and

        (c)    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

        5.    Nominees who purchased or acquired the common stock of Pharmacia for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Pharmacia common stock within ten (10) days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Class Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have

- 3 -

been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6.      All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7.      Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Class Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

8.      Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

9.      Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-five (25) days prior to the Settlement Hearing. To be valid, a Request for

- 4 -

744620_4

Exclusion must state all of the information requested by ¶2 of §XII of the Notice. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

10.     Any Member of the Class may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Plaintiffs, or why the expenses of Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before twenty-five (25) days prior to the Settlement Hearing by Robbins Geller Rudman & Dowd LLP, Keith F. Park, Scott H. Saham, 655 W. Broadway, Suite 1900, San Diego, CA 92101; Motley Rice LLC, Joseph F. Rice, Lance V. Oliver, 28 Bridgeside Blvd., Mt. Pleasant, SC 29466; Scott + Scott LLP, David R. Scott, 156 South Main Street, P.O. Box 192, Colchester, CT 06415; Simpson Thacher & Bartlett LLP, Lynn K. Neuner, 425 Lexington Avenue, New York, NY 10017-3954; and DLA Piper LLP (US), John C. Dougherty, 6225 Smith Avenue, Baltimore, MD 21209-3600 and filed said objections,

- 5 -

papers, and briefs with the Clerk of the United States District Court for the District of New Jersey on or before twenty-five (25) days prior to the Settlement Hearing. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the Plaintiffs or expenses of Plaintiffs, unless otherwise ordered by the Court.

11.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12.     All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by counsel for the Plaintiffs for attorneys' fees and expenses or by Plaintiffs for their expenses shall be filed and served by forty-five (45) days prior to the Settlement Hearing. Replies to any objections shall be filed and served by ten (10) days prior to the Settlement Hearing.

13.     Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' counsel or Plaintiffs, or counsel

- 6 -

744620_4

for any Member of the Class, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

14.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

15.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

16.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

17.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

- 7 -

744620_4

18.    If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status quo ante.

19.    Pending final determination of whether the proposed settlement should be approved, neither the Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

20.    Pending final determination of whether the settlement should be approved, all proceedings are stayed subject to further order of the Court.

IT IS SO ORDERED.

DATED: _____        _____
                                    THE HONORABLE ANNE E. THOMPSON
                                    UNITED STATES DISTRICT JUDGE

744620_4

**EXHIBIT A-1**

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ARTHUR C. LEAHY
KEITH F. PARK
SCOTT H. SAHAM
LUCAS F. OLTS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

SCOTT + SCOTT LLP
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  860/537-5537
860/537-4432 (fax)

MOTLEY RICE LLC
JOSEPH F. RICE
GREGG S. LEVIN
LANCE V. OLIVER
JOSHUA C. LITTLEJOHN
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

Class Counsel

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>PHARMACIA CORPORATION, et al.,<br><br>                    Defendants. | No. 03-1519 (AET)<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

738856_4

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF PHARMACIA CORPORATION. ("PHARMACIA") DURING THE PERIOD FROM APRIL 17, 2000 THROUGH AUGUST 5, 2001, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE _____.

IF YOU DO NOT WISH TO BE INCLUDED IN THE CLASS AND YOU DO NOT WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE, YOU MAY REQUEST TO BE EXCLUDED.  TO DO SO, YOU MUST SUBMIT A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE _____.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of the cases that have been consolidated by the Court as *Alaska Electrical Pension Fund, et al. v. Pharmacia*

- 1 -

738856_4

*Corporation, et al.*, No. 03-1519 (AET) (Consolidated) (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between the Settling Parties, dated as of October 5, 2012 (the "Stipulation") on file with the Court.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of Defendants or the merits of the claims or defenses asserted by or against Defendants. This Notice is solely to advise you of the proposed settlement of the Litigation and of your rights in connection therewith.

## I.    STATEMENT OF PLAINTIFFS' RECOVERY

The proposed settlement will result in the creation of a cash settlement fund in the principal amount of $164,000,000.00, plus any interest that may accrue thereon (the "Settlement Fund").

The Settlement Fund, subject to deduction for, among other things, the expense of class notice and administration and taxes and tax-related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members. Your recovery from this fund will depend on a number of variables, including the number of Pharmacia shares you purchased or otherwise acquired during the period from April 17, 2000 through August 5, 2001, inclusive, and the timing of your purchases and any sales. In the unlikely event that

- 2 -

738856_4

100% of the eligible shares of Pharmacia common stock purchased or acquired by Class Members and entitled to a distribution under the Plan of Allocation described below participate in the settlement, the estimated average distribution per share of Pharmacia common stock will be approximately $0.56 before deduction of Court-approved fees and expenses.  Historically, actual claim rates are lower than 100%, resulting in higher per share distributions.

## II.    STATEMENT OF POTENTIAL OUTCOME

Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged.  Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Pharmacia common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the price of Pharmacia common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Pharmacia common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Pharmacia common stock at various times during the Class Period; (7) the extent to which the

- 3 -

various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Pharmacia common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of Pharmacia common stock at various times during the Class Period.

## III.   REASONS FOR SETTLEMENT

Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing.  Also, the amount of damages recoverable by the Class was and is challenged by Defendants.  Recoverable damages in this case are limited to losses caused by conduct actionable under the applicable law and, had the Litigation gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors.  Defendants also would have asserted that throughout the Class Period the uncertainties and risks associated with the purchase of Pharmacia common stock were fully and adequately disclosed.  The proposed settlement provides an immediate benefit to Class Members and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

- 4 -

## IV.   STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Members of the Class, nor have they been paid for their expenses. If the settlement is approved by the Court, Plaintiffs' counsel will apply to the Court for attorneys' fees of 27.5% of the Settlement Fund and expenses not to exceed $3.65 million, plus interest thereon, to be paid from the Settlement Fund. Plaintiffs' counsel have prosecuted the Litigation for nearly a decade and have committed tens of thousands of hours to the case. If the requested fee is awarded, it will represent a multiplier of approximately 1.72 times Plaintiffs' counsel's time charges at their normal, non-contingent hourly rates. Courts award such multipliers to account for, among other things, the substantial risk of non-payment and the delay in compensation. Plaintiffs' counsel believe this multiplier is significantly below multipliers awarded in cases of similar risk, duration, and complexity. If the amount requested is approved by the Court, the average cost per share of Pharmacia common stock will be $0.17. In addition, each of the Plaintiffs may seek up to $16,000.00 in expenses incurred in representing the Class.

## V.   IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this settlement, you may contact a representative of Class Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101,

- 5 -

Telephone: 800/449-4900 or Lance V. Oliver, Motley Rice LLC, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464, Telephone: 843/216-9000 or David R. Scott, Scott + Scott LLP, 156 South Main Street, P.O. Box 192, Colchester, CT 06415.

## VI.   NOTICE OF HEARING ON PROPOSED SETTLEMENT

The Settlement Hearing will be held on _____, 2013, at __:___ .m., before the Honorable Anne E. Thompson, at the United States District Court, District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Courtroom 4W, Trenton, New Jersey. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of $164,000,000.00 in cash should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (3) whether the application by Plaintiffs' counsel for an award of attorneys' fees and expenses and the expenses of Plaintiffs should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## VII.   DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition

- 6 -

set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.    "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.    "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Pharmacia Corporation during the period from April 17, 2000 through August 5, 2001, inclusive, excluding Defendants, the officers and directors of Pharmacia during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

4.    "Class Counsel" means Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park, Scott H. Saham, 655 W. Broadway, Suite 1900, San Diego, CA 92101, Motley Rice LLC, Joseph F. Rice, Gregg S. Levin, Lance V. Oliver and Joshua C. Littlejohn, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464 and Scott + Scott LLP, David R. Scott, 156 South Main Street, P.O. Box 192, Colchester, CT 06415.

5.    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in paragraph 3 above.

- 7 -

738856_4

6.     "Class Period" means the period commencing on April 17, 2000 through and including August 5, 2001.

7.     "Defendants" means Pharmacia Corporation ("Pharmacia"), Pfizer Inc. ("Pfizer"), Fred Hassan ("Hassan"); Carrie Cox ("Cox"); and G. Steven Geis ("Geis").

8.     "Individual Defendants" means Hassan, Cox, and Geis.

9.     "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court.

10.     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park, Scott H. Saham, 655 W. Broadway, Suite 1900, San Diego, CA 92101.

11.     "Lead Plaintiffs" means Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund, and PACE Industry Union-Management Pension Fund.

12.     "Litigation" means the consolidated actions under case number 03-1519(AET).

13.     "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses and interest, and any award to Plaintiffs, provided for herein or approved by the Court, and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

- 8 -

14.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

15.    "Plaintiffs" means Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund, Chemical Valley Pension Fund of West Virginia and PACE Industry Union-Management Pension Fund.

16.    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

17.    "Related Parties" means each of a Defendant's families, parent entities, business units, business divisions, associates, affiliates or subsidiaries and each and all of their past, present, or future officers, directors, stockholders, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers,

- 9 -

commercial bankers, insurers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors, and assigns or other Persons or other entities in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and any other representatives of any of these Persons or other entities, whether or not any such Related Parties were named, served with process or appeared in the Litigation.

18.     "Released Claims" shall collectively mean any and all claims arising from both the purchase or other acquisition of Pharmacia Corporation common stock during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Plaintiff(s) in the Litigation (the "Release"), including any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class.  This Release extends to any and/or all Defendants and any and/or all of their Related Parties.  The claims asserted in the following pending

- 10 -

738856_4

actions are expressly excluded from the Release: *In re Pfizer Inc. Sec. Litig.*, 1:04-cv-09866-LTS-HBP (S.D.N.Y.); *Jones v. Pfizer Inc., et al.*, 1:10-cv-03864-AKH (S.D.N.Y.); *City of Livonia Employees' Retirement System v. Wyeth, et al.*, 1:07-cv-10329-RJS (S.D.N.Y.); and *Security Police and Fire Professionals of America Retirement Fund v. Pfizer Inc., et al.*, No. 10-cv-3105-SDW-MCA (D.N.J.). "Released Claims" includes "Unknown Claims" as defined below.

19.    "Released Persons" means each and all of the Defendants and their Related Parties.

20.    "Settlement Amount" means $164,000,000.00 in cash.

21.    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

22.    "Settling Parties" means, collectively, the Defendants, Plaintiffs and the Class.

23.    "Tax" or "Taxes" means any and all taxes, fees levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of

- 11 -

excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

24.     "Unknown Claims" means any Released Claims that Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall

- 12 -

expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## VIII. THE LITIGATION

Between April 7 and May 14, 2003, Pharmacia Corporation ("Pharmacia" or the "Company") stockholders filed six class action lawsuits against Pharmacia and others alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). The cases were consolidated before the Honorable Anne E. Thompson, in the United States District Court, District of New Jersey, and the case is titled *Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.* (the "Litigation"). By an order dated August 5, 2003, the Court appointed the following plaintiffs as "Lead Plaintiffs" pursuant to the requirements of the Private Securities

- 13 -

738856_4

Litigation Reform Act of 1995: Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund and PACE Industry Union-Management Pension Fund.  The Lead Plaintiffs seek to recover money and other relief for the Class.  The Defendants in the Litigation are Pharmacia, Pfizer and three individuals: Hassan, Pharmacia's former Chairman and CEO; Cox, Pharmacia's former Executive Vice President and President, Global Prescription Business; and Geis, Pharmacia's former Global Vice President for Arthritis, Cardiovascular, and Oncology.  Lead Plaintiffs allege that between April 17, 2000 and August 5, 2001 (the "Class Period"), Defendants misrepresented the results of a clinical trial of Pharmacia's largest-selling product, an arthritis drug called Celebrex.  Lead Plaintiffs allege that the trial, called the Celecoxib Long-term Arthritis Safety Study ("CLASS") lasted over one year and was designed to show that Celebrex causes fewer complicated ulcers than two older drugs, ibuprofen and diclofenac.  Lead Plaintiffs allege that Defendants misrepresented the findings of CLASS to investors by disclosing only the favorable results from the first six months of the study and concealing the unfavorable results from the entire study, which lasted as long as 13 months for some patients.  Lead Plaintiffs also allege that Defendants concealed the fact that Celebrex showed no safety advantage over diclofenac.  Lead Plaintiffs allege that Defendants' omissions and misrepresentations caused Pharmacia's stock to trade

- 14 -

at artificially inflated prices during the Class Period and that Lead Plaintiffs and Members of the Class were damaged as a result.

Defendants deny all these allegations. Specifically, Defendants contend that they openly disclosed that CLASS lasted longer than six months, that the study failed as to its primary endpoint, and that the reported results were of the first six months of the study, which was the minimum period of exposure for all patients. Contemporaneous articles also disclosed that CLASS had more than six months of data and did not show statistical significance as to the primary endpoint. Defendants contend that Plaintiffs' allegations are not based on valid science or proper ways to report the clinical data. Defendants also contend that when the full dataset from CLASS became publicly available, Pharmacia's share price was not affected, and that Plaintiffs cannot claim damages for losses caused by intervening events related to FDA decisions regarding the labels for Celebrex and a competitor drug.

On May 19, 2004, the Court denied Defendants' motion to dismiss. Thereafter, Defendants filed an answer denying all material allegations of Lead Plaintiffs' Consolidated Complaint for Violation of the Federal Securities Laws and asserting their defenses. On January 25, 2007, the Court entered an order certifying the Class defined as: "all persons who purchased or otherwise acquired Pharmacia Corporation common stock during the period starting April 17, 2000 and ending February 6, 2001," inclusive of those dates. On May 31, 2007, Defendants moved for summary judgment arguing that the action was time-barred by the applicable statute of

- 15 -

limitations.  On October 30, 2007, the Court granted Defendants' motion for summary judgment.  Lead Plaintiffs appealed, and on January 30, 2009, the Third Circuit Court of Appeals reversed the lower Court's summary judgment decision, ruled that the appropriate ending date for the Class Period is August 5, 2001, and vacated and remanded for further proceedings.

On January 31, 2012, Defendants filed a second motion for summary judgment arguing, among other things, that Plaintiffs cannot prove that Defendants made misstatements because the allegedly omitted information was disclosed; that Plaintiffs cannot prove loss causation because the allegedly withheld data was available to the public before the market opened on February 6, 2001, and because Pharmacia's stock price did not have a statistically significant drop on that date; that the Individual Defendants did not act with the required state of mind to establish a violation of the federal securities laws; that the individuals did not actually make the alleged misstatements; and that defendant Pfizer could not be liable because it is not a successor-in-interest to defendant Pharmacia.  On that same date, defendants Pfizer and Cox also filed a motion for judgment on the pleadings asserting that, based on the Third Circuit's decision, the claims were time-barred as to them because they were not added to the case until October 2003.  On May 14, 2012, the Court denied Pfizer and Cox's motion for judgment on the pleadings.  At the time settlement was reached, Defendants' motion for summary judgment was still awaiting a decision by the Court.

738856_4

The Court had also set a date for the trial of this matter to commence on October 22, 2012.

During the Litigation, the Settling Parties engaged the services of Judge Layn Phillips (Ret.), a nationally recognized mediator. The parties engaged in two in-person mediation sessions with Judge Phillips and numerous telephonic exchanges regarding a potential settlement of the Litigation. Ultimately the parties agreed to settle the action based upon the proposal of Judge Phillips.

## IX.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their

738856_4

counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class.

## X.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny any improper conduct or violation of the federal securities laws or any other laws or regulations and are settling the Litigation solely to avoid the burden and expense of further litigation. In addition, Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Plaintiffs or the Class have suffered any damage; that the prices of Pharmacia common stock were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise; that the Plaintiffs or the Class were harmed by the conduct alleged in the Litigation; or that Defendants knew or were reckless with respect to the alleged misconduct. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation and believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

- 18 -

738856_4

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further conduct of the Litigation would be protracted, burdensome and expensive, and that it is desirable that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in the Stipulation.

This Notice, and all related documents, shall not be construed as or deemed to be evidence of or an admission or concession on the part of the Defendants, or any of the Related Parties (as defined herein), with respect to any allegation or claim of any fault or liability or wrongdoing or damage whatsoever.

## XI.   TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between the Settling Parties, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.gilardi.com, for a full statement of its provisions.

The settlement consists of the aggregate principal amount of $164,000,000.00 in cash, plus any interest earned thereon after it is deposited.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Plaintiffs' and Plaintiffs' expenses, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be

- 19 -

738856_4

distributed, according to the Plan of Allocation described below, to Class Members who submit valid and timely Proof of Claim forms.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## XII.   THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed settlement described in this Notice, upon approval of the proposed settlement by the Court.

If you are a Class Member, you have the following options:

1.      You may file a Proof of Claim form as described below.  If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2.      If you purchased or otherwise acquired Pharmacia common stock and you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded.  To do so, you must submit a written request for exclusion that must be postmarked on or before _____.  You must set forth: (a) your name, address, telephone number; (b) the number of shares of Pharmacia common stock purchased or otherwise acquired and sold during the Class Period and the dates of such purchase(s), acquisition(s),

- 20 -

and/or sale(s); (c) proper evidence of your purchases, acquisitions and sales of Pharmacia shares during the Class Period; and (d) your wish to be excluded from the Class.  The exclusion request should be addressed as follows:

> *Pharmacia Securities Litigation*
> EXCLUSIONS
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA  94976-0990

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you timely and validly request exclusion from the Class: (a) you are excluded from the Class, (b) you will not share in the proceeds of the settlement described herein, (c) you are not bound by any judgment entered in the Litigation, and (d) you are not precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Litigation.

3.      If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the

738856_4

Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim form.

4.      You may do nothing at all.  If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

5.      You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses and Plaintiffs' expenses in the manner described in Section XVIII below.

6.      If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, and must serve copies of such appearance on the attorneys listed in Section XVIII below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel: Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park and Scott H. Saham, 655 West Broadway, Suite 1900, San Diego, CA 92101, Motley Rice LLC, Joseph F. Rice, Gregg S. Levin, Lance V. Oliver, and Joshua C. Littlejohn, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464 and Scott + Scott LLP, David R. Scott, 156 South Main Street, P.O. Box 192, Colchester, CT  06415.

- 22 -

## XIII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to a Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim form under the Plan of Allocation described below. The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Pharmacia common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Class Counsel have conferred with their damages expert who concluded that only the Pharmacia securities described below were damaged by the matters alleged by the Plaintiffs in this Litigation, and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of

- 23 -

the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

The allocation below is based on the following declines in the alleged artificial inflation that Plaintiffs contend was in the Pharmacia stock price, as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") "90-day look-back":

| February 6, 2001 Price Decline: | $0.39 |
|---|---|
| February 7, 2001 Price Decline: | $2.14 |
| February 8, 2001 Price Decline: | $3.39 |

1.    For shares of Pharmacia common stock purchased or otherwise acquired on or between April 17, 2000 – February 5, 2001, the claim per share shall be as follows:

(a)    If sold prior to February 6, 2001, the claim per share is zero;

(b)    If sold on February 6, 2001, the claim per share shall be the lesser of: (i) $0.39 (February 6, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price;

(c)    If sold on February 7, 2001, the claim per share shall be the lesser of: (i) $2.53 (February 6, 2001 & February 7, 2001 Cumulative Price Decline), or (ii) the difference between the purchase price and the selling price;

- 24 -

(d)    If sold on or between February 8, 2001 through August 5, 2001, the claim per share shall be the lesser of: (i) $5.92 (February 6, 2001, February 7, 2001 & February 8, 2001 Cumulative Price Decline), or (ii) the difference between the purchase price and the selling price;

(e)    If retained at the end of August 5, 2001 and sold before November 2, 2001, the claim per share shall be the least of: (i) $5.92 (February 6, 2001, February 7, 2001 & February 8, 2001 Cumulative Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below; and

(f)    If retained, or sold, on or after November 2, 2001, the claim per share shall be the lesser of: (i) $5.92 (February 6, 2001, February 7, 2001 & February 8, 2001 Cumulative Price Decline), or (ii) the difference between the purchase price per share and $41.25 per share.

2.    For shares of Pharmacia common stock purchased or otherwise acquired on February 6, 2001, the claim per share shall be as follows:

(a)    If sold prior to February 7, 2001, the claim per share is zero;

(b)    If sold on February 7, 2001, the claim per share shall be the lesser of: (i) $2.14 (February 7, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price;

- 25 -

(c)     If sold on or between February 8, 2001 through August 5, 2001, the claim per share shall be the lesser of: (i) $5.53 (February 7, 2001 & February 8, 2001 Price Declines), or (ii) the difference between the purchase price and the selling price;

(d)     If retained at the end of August 5, 2001 and sold before November 2, 2001, the claim per share shall be the least of: (i) $5.53 (February 7, 2001 & February 8, 2001 Price Declines), or (ii) the  difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below; and

(e)     If retained, or sold, on or after November 2, 2001, the claim per share shall be the lesser of: (i) $5.53 (February 7, 2001 & February 8, 2001 Price Declines), or (ii) the difference between the purchase price per share and $41.25 per share.

3.     For shares of Pharmacia common stock purchased or otherwise acquired on February 7, 2001, the claim per share shall be as follows:

(a)     If sold prior to February 8, 2001, the claim per share is zero;

(b)      If sold on or between February 8, 2001 through August 5, 2001, the claim per share shall be the lesser of: (i) $3.39 (February 8, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price;

- 26 -

(c)     If retained at the end of August 5, 2001 and sold before November 2, 2001, the claim per share shall be the least of: (i) $3.39 (February 8, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below; and

(d)     If retained, or sold, on or after November 2, 2001, the claim per share shall be the lesser of: (i) $3.39 (February 8, 2001 Price Decline), or (ii) the difference between the purchase price per share and $41.25 per share.

4.     For shares of Pharmacia common stock purchased or otherwise acquired on or between February 8, 2001 through August 5, 2001, the claim per share shall be zero.

### PSLRA 90-DAY LOOK-BACK TABLE

| Date | Closing Price | Average Closing Price |
|------|--------------|----------------------|
| 6-Aug-01 | $44.00 | $44.00 |
| 7-Aug-01 | $45.10 | $44.55 |
| 8-Aug-01 | $44.32 | $44.47 |
| 9-Aug-01 | $44.35 | $44.44 |
| 10-Aug-01 | $44.68 | $44.49 |
| 13-Aug-01 | $45.35 | $44.63 |
| 14-Aug-01 | $44.90 | $44.67 |
| 15-Aug-01 | $44.87 | $44.70 |
| 16-Aug-01 | $45.00 | $44.73 |
| 17-Aug-01 | $44.44 | $44.70 |
| 20-Aug-01 | $44.25 | $44.66 |
| 21-Aug-01 | $44.16 | $44.62 |
| 22-Aug-01 | $43.20 | $44.51 |
| 23-Aug-01 | $42.40 | $44.36 |
| 24-Aug-01 | $41.81 | $44.19 |
| 27-Aug-01 | $41.83 | $44.04 |

- 27 -

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 28-Aug-01 | $41.30 | $43.88 |
| 29-Aug-01 | $40.51 | $43.69 |
| 30-Aug-01 | $39.90 | $43.49 |
| 31-Aug-01 | $39.60 | $43.30 |
| 4-Sep-01 | $40.00 | $43.14 |
| 5-Sep-01 | $40.80 | $43.04 |
| 6-Sep-01 | $40.81 | $42.94 |
| 7-Sep-01 | $40.27 | $42.83 |
| 10-Sep-01 | $40.15 | $42.72 |
| 17-Sep-01 | $39.50 | $42.60 |
| 18-Sep-01 | $39.60 | $42.49 |
| 19-Sep-01 | $40.00 | $42.40 |
| 20-Sep-01 | $38.91 | $42.28 |
| 21-Sep-01 | $38.35 | $42.15 |
| 24-Sep-01 | $37.60 | $42.00 |
| 25-Sep-01 | $37.86 | $41.87 |
| 26-Sep-01 | $38.74 | $41.77 |
| 27-Sep-01 | $40.06 | $41.72 |
| 28-Sep-01 | $40.56 | $41.69 |
| 1-Oct-01 | $40.75 | $41.66 |
| 2-Oct-01 | $41.31 | $41.66 |
| 3-Oct-01 | $40.98 | $41.64 |
| 4-Oct-01 | $40.05 | $41.60 |
| 5-Oct-01 | $40.38 | $41.57 |
| 8-Oct-01 | $39.94 | $41.53 |
| 9-Oct-01 | $40.00 | $41.49 |
| 10-Oct-01 | $40.41 | $41.47 |
| 11-Oct-01 | $41.02 | $41.46 |
| 12-Oct-01 | $41.03 | $41.45 |
| 15-Oct-01 | $41.00 | $41.44 |
| 16-Oct-01 | $41.20 | $41.43 |
| 17-Oct-01 | $41.80 | $41.44 |
| 18-Oct-01 | $41.90 | $41.45 |
| 19-Oct-01 | $41.59 | $41.45 |
| 22-Oct-01 | $42.76 | $41.48 |
| 23-Oct-01 | $38.39 | $41.42 |
| 24-Oct-01 | $39.61 | $41.38 |
| 25-Oct-01 | $39.55 | $41.35 |
| 26-Oct-01 | $39.34 | $41.31 |
| 29-Oct-01 | $40.09 | $41.29 |
| 30-Oct-01 | $40.20 | $41.27 |
| 31-Oct-01 | $40.52 | $41.26 |
| 1-Nov-01 | $40.88 | $41.25 |
| 2-Nov-01 | $40.85 | $41.25 |

- 28 -

738856_4

The date of purchase or acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Pharmacia common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Pharmacia common stock during the Class Period will be matched, in chronological order, first against Pharmacia common stock held at the beginning of the Class Period. The remaining sales of Pharmacia common stock during the Class Period will then be matched, in chronological order, against Pharmacia common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Pharmacia common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of a security that have been matched against the same type security held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

- 29 -

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Plaintiffs, Plaintiffs' counsel, any claims administrator, or other Person designated by Plaintiffs' counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## XIV. PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim form must be postmarked on or before _____, 2013, and delivered to the Claims Administrator at the address set forth in Section XIX below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim form, you will be barred from receiving any payments from the Net Settlement Fund,

738856_4

but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XV.   DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter the Judgment.  In addition, upon the Effective Date, Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## XVI.  APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 27.5% of the Settlement Fund, plus expenses not to exceed $3.65

- 31 -

million plus interest thereon.   In addition, each of the Plaintiffs may seek up to $16,000.00 in expenses (including lost wages) it incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

To date, Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Class, nor have counsel been paid their expenses.  The fee requested will compensate Plaintiffs' counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis.  The requested fee represents an approximate multiplier of 1.72 of Plaintiffs' counsel's non-contingent hourly charges.  Plaintiffs' counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by each of the Plaintiffs.

## XVII.        CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation.  If, for any reason,

- 32 -

738856_4

any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of August 23, 2012. In that event, the settlement will not proceed and no payments will be made to Class Members.

## XVIII.      THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses and Plaintiffs' expenses,[1] may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is *received* on or before _____, 2012, by each of the following:

### To the Court:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

---

[1]      The pleadings in support of these matters will be filed with the Court no later than _____, 2012.

- 33 -

738856_4

*To Class Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
KEITH F. PARK
SCOTT H. SAHAM
655 W. Broadway, Suite 1900
San Diego, CA  92101

MOTLEY RICE LLP
JOSEPH F. RICE
LANCE V. OLIVER
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

SCOTT + SCOTT LLP
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415

*To Counsel for Defendants:*

SIMPSON THACHER & BARTLETT LLP
LYNN K. NEUNER
425 Lexington Avenue
New York, NY  10017-3954

DLA PIPER LLP (US)
JOHN C. DOUGHERTY
6225 Smith Avenue
Baltimore, MD 21209-3600

The notice of objection must demonstrate the objecting Person's membership in the

Class, including the number of shares of Pharmacia common stock purchased or

acquired and sold during the Class Period and contain a statement of the reasons for

objection.   Only Members of the Class who have submitted written notices of

- 34 -

objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XIX.  SPECIAL NOTICE TO NOMINEES

Nominees who purchased or otherwise acquired the common stock of Pharmacia for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice, provide the Claims Administrator with the names and addresses of such beneficial owners, or (2) forward a copy of this Notice and the Proof of Claim form by First-Class Mail to each such beneficial owner and, provide Class Counsel with written confirmation that the Notice and Proof of Claim form have been so forwarded.  Upon submission of appropriate documentation, Class Counsel will reimburse your reasonable costs and expenses of complying with this provision out of the Settlement Fund.  Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

> *Pharmacia Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA 94976-0990

## XX.  EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation.  For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the Litigation, which may be inspected

- 35 -

at the office of the Clerk of the Court, United States District Court, District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey. In addition, certain settlement-related documents including the Stipulation of Settlement may be viewed at www.gilardi.com.

If you have any questions about the settlement of the Litigation, you may contact Class Counsel by writing to:

> ROBBINS GELLER RUDMAN & DOWD LLP
> SCOTT H SAHAM
> 655 W. Broadway, Suite 1900
> San Diego, CA 92101
> *or*
> MOTLEY RICE LLC
> LANCE V. OLIVER
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464
> *or*
> SCOTT + SCOTT LLP
> DAVID R. SCOTT
> 156 South Main Street
> P.O. Box 192
> Colchester, CT 06415

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____      BY ORDER OF THE COURT
                              UNITED STATES DISTRICT COURT
                              DISTRICT OF NEW JERSEY

738856_4

**EXHIBIT A-2**

COHN LIFLAND PEARLMAN
   HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
PATRICK J. COUGHLIN
ARTHUR C. LEAHY
KEITH F. PARK
SCOTT H. SAHAM
LUCAS F. OLTS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

SCOTT + SCOTT LLP
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  860/537-5537
860/537-4432 (fax)

MOTLEY RICE LLC
JOSEPH F. RICE
GREGG S. LEVIN
LANCE V. OLIVER
JOSHUA C. LITTLEJOHN
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

Class Counsel

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>    vs.<br><br>PHARMACIA CORPORATION, et al.,<br><br>                Defendants. | No. 03-1519 (AET)<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>PROOF OF CLAIM<br><br>EXHIBIT A-2 |

739021_4

# I.   GENERAL INSTRUCTIONS

1.     To recover as a Member of the Class based on your claims in the action entitled *Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.*, No. 03-1519 (AET) (Consolidated) (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim form.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.     Submission of this Proof of Claim form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE _____, 2013, ADDRESSED AS FOLLOWS:

> *Pharmacia Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA 94976-0990

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim form.

4.     If you are a Member of the Class and you have not timely requested exclusion in connection with the proposed settlement, you are bound by the terms of

- 1 -

739021_4

any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## II. CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Pharmacia common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired Pharmacia common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Pharmacia common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE PHARMACIA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure

- 2 -

739021_4

to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.  CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Pharmacia Common Stock" to supply all required details of your transaction(s) in Pharmacia common stock listed in Part II.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions of Pharmacia common stock that took place at any time from April 17, 2000 through August 5, 2001, inclusive (the "Class Period"), and *all* of your sales of Pharmacia common stock that took place at any time between April 17, 2000 through November 2, 2001, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Pharmacia common stock you held at the close of trading on April 14, 2000, August 5, 2001, and November 2, 2001.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

- 3 -

739021_4

The date of covering a "short sale" is deemed to be the date of purchase of Pharmacia common stock. The date of a "short sale" is deemed to be the date of sale of Pharmacia common stock.

Copies of broker confirmations or other documentation of your transactions in Pharmacia common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-567-4784 or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

739021_4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.*

No. 03-1519 (AET)

PROOF OF CLAIM

Must Be Postmarked No Later Than:
_____, 2013

<u>Please Type or Print</u>

PART I:     CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____         _____
City                                      State or Province

_____         _____
Zip Code or Postal Code                   Country

                                          _____      Individual
_____         _____      Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____   _____
Area Code                   Telephone Number (work)

_____   _____
Area Code                   Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:   SCHEDULE OF TRANSACTIONS IN PHARMACIA COMMON STOCK

**PHARMACIA COMMON STOCK**

Number of shares of Pharmacia common stock held at the close of trading on April 14, 2000: _____

Purchases or acquisitions of Pharmacia common stock (on or after April 17, 2000 through and including August 5, 2001):

| Trade Date Month/Day/Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

Sales of Pharmacia common stock (on or after April 17, 2000 through and including November 2, 2001):

| Trade Date Month/Day/Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

Number of shares of Pharmacia common stock held at the close of trading on August 5, 2001: _____

Number of shares of Pharmacia common stock held at the close of trading on November 2, 2001: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

- 6 -

739021_4

IV.   **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Class Member and for purposes of enforcing the releases provided for in any judgment entered in the Litigation.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that is entered in the Litigation, including the release of all Released Claims with respect to each and all of the Released Persons as set forth in the Judgment.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Pharmacia securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Pharmacia common stock during the Class Period and know of no other person having done so on my (our) behalf.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the judgment entered in the Litigation or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Pharmacia common stock that are the subject of this claim, and that occurred during the Class Period as well as the opening and

- 7 -

closing positions in such securities held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim form by the undersigned is true and correct.

Executed this _____ day of_____

(Month/Year)

in _____

(City)           (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Acquirer Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the above declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original stock certificates.

4.   Keep a copy of your claim form and all supporting documentation for your records.

- 8 -

739021_4

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send us your new address.

739021_4

**EXHIBIT A-3**

COHN LIFLAND PEARLMAN
   HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
PATRICK J. COUGHLIN
ARTHUR C. LEAHY
KEITH F. PARK
SCOTT H. SAHAM
LUCAS F. OLTS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

SCOTT + SCOTT LLP
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-5537
860/537-4432 (fax)

MOTLEY RICE LLC
JOSEPH F. RICE
GREGG S. LEVIN
LANCE V. OLIVER
JOSHUA C. LITTLEJOHN
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

Class Counsel

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>   vs.<br><br>PHARMACIA CORPORATION, et al.,<br><br>             Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 03-1519 (AET)
**(Consolidated)**

CLASS ACTION

SUMMARY NOTICE

EXHIBIT A-3

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF PHARMACIA CORPORATION. ("PHARMACIA") ON APRIL 17, 2000 THROUGH AUGUST 5, 2001, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey, that a hearing will be held on _____, 2013, at __:__ __.m., before the Honorable Anne E. Thompson at the United States District Court, Northern District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Courtroom 4W, Trenton, New Jersey, for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation for the principal amount of $164,000,000.00 should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Plaintiffs' counsel for the payment of attorneys' fees and expenses and Plaintiffs' expenses in connection with this Litigation should be approved.

IF YOU PURCHASED OR ACQUIRED ANY OF THE COMMON STOCK OF PHARMACIA DURING THE PERIOD FROM APRIL 17, 2000 TO AUGUST 5, 2001, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR PURCHASE OR ACQUISITION OF PHARMACIA COMMON STOCK DURING

- 1 -

THE CLASS PERIOD.   If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim form, you may obtain copies by writing to *Pharmacia Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990, or on the internet at www.gilardi.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim *postmarked no later than*_____, establishing that you are entitled to recovery.

If you purchased or otherwise acquired Pharmacia common stock and you desire to be excluded from the Class, you must submit a request for exclusion postmarked no later than _____, in the manner and form explained in the detailed Notice referred to above.  All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be received by each of the following recipients *no later than*_____:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

738749_4

*Class Counsel*:

ROBBINS GELLER RUDMAN
  & DOWD LLP
KEITH F. PARK
SCOTT H. SAHAM
655 W. Broadway, Suite 1900
San Diego, CA  92101

MOTLEY RICE LLC
JOSEPH F. RICE
LANCE V. OLIVER
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

SCOTT + SCOTT LLP
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415

*Counsel for Defendants*:

SIMPSON THACHER & BARTLETT LLP
LYNN K. NEUNER
425 Lexington Avenue
New York, NY  10017-3954

DLA PIPER LLP (US)
JOHN C. DOUGHERTY
6225 Smith Avenue
Baltimore, MD 21209-3600

738749_4

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the settlement, you may contact Class Counsel at the addresses listed above.

DATED: _____      BY ORDER OF THE COURT
                            UNITED STATES DISTRICT COURT
                            DISTRICT OF NEW JERSEY

738749_4

**EXHIBIT B**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated, ) ) ) ) | No. 03-1519 (AET) **(Consolidated)** |
| Plaintiffs, ) ) | <u>CLASS ACTION</u> |
| vs. ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| PHARMACIA CORPORATION, et al., ) ) | |
| Defendants. ) ) | EXHIBIT B |

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2012, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 5, 2012 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Litigation as a class action defined as all Persons (other than those Persons who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Pharmacia Corporation during the period from April 17, 2000 through August 5, 2001, inclusive, excluding Defendants, the officers and directors of Pharmacia during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

- 1 -

756981_4

4.     With respect to the Class, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable, and adequate to the Class.  The Court further finds that the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the stipulation and the settlement embodied in the Stipulation are hereby

- 2 -

finally approved in all respects.  The Settling Parties are hereby directed to perform its terms.

6.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.      Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim.

8.      Upon the Effective Date, Lead Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, pursuing, commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons.

9.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

- 3 -

relinquished and discharged the Lead Plaintiffs, Class Members (except any Class Member who timely and validly requests exclusion from the Class), and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation except claims to enforce the settlement and the terms of the Stipulation.

10.    Only those Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the settlement and receive a distribution from the Settlement Fund.  All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

11.    Upon the Effective Date, the Court permanently bars, enjoins and restrains any and all claims for contribution arising out of the Litigation (including, but not limited to, the Released Claims) by any Person.

12.    The distribution of the Notice of Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C.

- 4 -

§78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

13.     Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment.

14.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, the Released Persons, or each or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants, the Released Persons, or each or any of them in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Defendants, the Released Persons, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the infirmity or strength of any claims raised in the Litigation or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; and/or (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession by or against the Settling Parties, the Released Persons, or each or any of them, that any of

- 5 -

756981_4

the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Settlement Fund or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

756981_4

16.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _____     _____
                                  THE HONORABLE ANNE E. THOMPSON
                                  UNITED STATES DISTRICT JUDGE

756981_4