## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., | No. 03-1519 (AET) **(Consolidated)** |
| Plaintiffs, | CLASS ACTION |
| v. | |
| PHARMACIA CORPORATION, et al., | |
| Defendants. | |

RECEIVED

JAN 03 2013

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## OBJECTION TO PROPOSED SETTLEMENT

William T. Zorn, pro se [1], objects to the proposed class action settlement as stated below:

1.      Objector William T. Zorn is a class member, having received written notice of same in the mail.  See attached Claim Form.  Objector William Zorn has been in contact with his financial advisor to obtain specific information concerning purchases and sales of the stock at issue during the class period but has been unable to obtain said information prior to the deadline for filing this objection.  Objector William Zorn will obtain said information prior to January 28, 2013, the deadline for filing his claim.  However, this should not be a requirement for filing an objection as it is information that is readily available to the Defendants and Plaintiffs in this case, and is an impediment created by the parties to eviscerate the rights of class members and discourage their objection, and violates due process.

2.      A proposed class action settlement is intended to benefit all class members, consistent with Rule 23, Federal Rules of Civil Procedure and applicable law. Any such settlement must be fair, adequate and reasonable to all class members. Class members must be

---

[1] Although I am an attorney licensed in the State of Missouri, I have received assistance from  John C. Kress, Jonathan E. Fortman and J. Scott Kessinger who are each also attorneys licensed in the State of Missouri, along with Steve Miller, licensed in the State of Colorado.

given an opportunity to convince the Court that the proposed settlement would not be fair, adequate or reasonable. *Mayfield v. Barr,* 985 F.2d 1090, 1092 (D.C. Cir. 1993). However, the burden of proof is on the proponent of the settlement, not objectors. Manual for Complex Litigation 4th, §21.634, p. 322.

    3.    This Court bears the responsibility to ensure that the recovery represents a reasonable compromise. Accordingly, it is the duty of this Court to assure itself, the class and the public that the applicable and governing criteria material to the proposed settlement are present. Manual for Complex Litigation 4th, §21.61, p. 308. To assist this Court in this regard, Objector William Zorn asserts the following deficiencies in the proposed settlement:

    (a)    The claims procedure discourages rather than facilitates class member participation in the settlement. Despite the fact that Pharmacia's records allow for notice to be sent directly to class members, no class member can participate in the settlement without first submitting documentation supporting investment losses already known to Pharmacia. Pharmacia has the data and means to calculate and make class member distributions without forcing class members to provide documentation already known to Pharmacia.

    (b)    Class counsel has applied for an attorneys' fee award of 27.5% of the $164 Million Common Fund ($164,000,000.00) or fees of $45,100,000. This request is excessive. This circuit favors the percentage-of-recovery method in calculating fees. *In re Cendant Corp.,* 243 F.3d 722, 732 (3[d] Cir. 2001); *In Re Prudential,* 148 F.3d 283, 333 (3d Cir. 1998). However, it is recommended that the Court cross-check the fee award with the lodestar method. *Gunter v. Ridewood Energy Corp.,* 223 F.3d 190, 195 n.1 (3d Cir. 2000). Class Counsel claims that the amount requested represents a multiplier of 1.72 of the lodestar. Although the Notice contains no other information as to Class Counsel's claimed lodestar, simple division would result in a

2

lodestar of approximately $26,220,930.00.   That amount would represent an amount equal to 16% of the common fund which Objector William Zorn would submit is more fair and reasonable.   However, it should be noted that the settlement website contains no documentation concerning the number of hours claimed and the hourly rates.   Without that information, Class Members are at the mercy of Class Counsel and unable to properly evaluate the claimed reasonableness of the multiplier employed in the lodestar cross-check. Moreover, in mega-fund cases the court should be looking at a percentage of recovery far less than the typical range and as low as 4%.   Managing Class Action Litigation: A Pocket Guide for Judges 2d, p. 31.   Finally, it should be noted that any attorneys' fee award under the PSLRA must be limited to a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class.   15 U.S.C. 78u-4(a)(6).

4.      Objector adopts any other bona fide objections by other class members.

5.      For all of the foregoing reasons, Objector respectfully submits that the terms of the proposed settlement are not fair, adequate and reasonable to the absent class members.

**WHEREFORE,** Objector requests the following relief:

(a)      That the Court not approve the Settlement as proposed.

(b)      That the Court not approve the requested attorneys' fee.

(c)      That the Court enter such other Orders as may be necessary and just to effect substantial justice in this cause between the parties and the absent class members.

William T. Zorn, Pro Se
The Zorn Law Firm, LLC
3526 Washington, 2nd Floor
St. Louis, Missouri  63103
(314) 531-4262
(314) 206-4795  Fax

3

Email: ZornLaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd   day of January, 2013, I have served the foregoing Objection to Proposed Settlement via facsimile transmission and delivered a copy of the original to the Clerk of the Court, United States District Court, District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Room 2020 on January 3, 2013.

**Defendants' Counsel**

Lynn K. Neuner
SIMPSON THATCHER & BARTLETT, LLP
425 Lexington Avenue
New York, NY  10017-3954
Fax: (212) 455-2502

John C. Dougherty
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, MD  21209-3600
Fax: (410) 580-3001

**Class Counsel**

Keith F. Park
Scott H. Saham
ROBBINS GELLER RUDMAN & DOWD
655 West Broadway, Suite 1900
San Diego, California  92101
Fax: (619) 231-7423

Joseph F. Rice
Lance V. Oliver
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Fax: (843) 216-9450

David R. Scott
SCOTT & SCOTT, LLP
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Fax: (860) 537-4432

William T. Zorn

4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated, | ) ) ) | No. 03-1519 (AET) **(Consolidated)** |
| | ) ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) ) | |
| PHARMACIA CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

### PROOF OF CLAIM

#### I.   GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action entitled *Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.*, No. 03-1519 (AET) (Consolidated) (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim form.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.    Submission of this Proof of Claim form, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE JANUARY 28, 2013, ADDRESSED AS FOLLOWS:

*Pharmacia Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim form.

4.    If you are a Member of the Class and you have not timely requested exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

#### II.   CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Pharmacia common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or otherwise acquired Pharmacia common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Pharmacia common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE PHARMACIA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.  CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Pharmacia Common Stock" to supply all required details of your transaction(s) in Pharmacia common stock listed in Part II.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions of Pharmacia common stock that took place at any time from April 17, 2000 through August 5, 2001, inclusive (the "Class Period"), and *all* of your sales of Pharmacia common stock that took place at any time between April 17, 2000 through November 2, 2001, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Pharmacia common stock you held at the close of trading on April 14, 2000, August 5, 2001, and November 2, 2001.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Pharmacia common stock.  The date of a "short sale" is deemed to be the date of sale of Pharmacia common stock.

Copies of broker confirmations or other documentation of your transactions in Pharmacia common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-281-1361 or visit their website at www.gilardi.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*Alaska Electrical Pension Fund, et al. v.*
*Pharmacia Corporation, et al.*

No. 03-1519 (AET)

PROOF OF CLAIM

**Must Be Postmarked
No Later Than
January 28, 2013**

## PHRCORP

<u>Please Type or Print in the Boxes Below</u>
Do <u>NOT</u> use Red Ink, Pencil, or Staples

### PART I: CLAIMANT IDENTIFICATION

Last Name: `Z O R N`  M.I. `T`  First Name: `W I L L I A M`

Last Name (Co-Beneficial Owner):  First Name (Co-Beneficial Owner):

○ IRA   ○ Joint Tenancy   ○ Employee   ⊗ Individual   ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number: `4 6 8 – 6 6 – 6 5 3 2`   or   Taxpayer Identification Number: ___ – _____

Telephone Number (Work): `3 1 4 – 5 3 1 – 4 2 6 2`   Telephone Number (Home): `3 1 4 – 6 6 4 – 4 8 3 6`

Email Address: `Z o r n l a w @ g m a i l . c o m`

### MAILING INFORMATION

Address: `2 3 1 4   S o   1 2 T H   S T`

Address:

City: `S T   L O U I S`   State: `M o`   Zip Code: `6 3 1 0 4`

Foreign Province:   Foreign Postal Code:   Foreign Country Name/Abbreviation:

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |





3

PART II.  SCHEDULE OF TRANSACTIONS IN PHARMACIA COMMON STOCK

**A.** Number of shares of Pharmacia common stock held at the close of trading on April 14, 2000:

Proof Enclosed?  ○ Y  ○ N

**B.** Purchases or acquisitions of Pharmacia common stock (on or after April 17, 2000 through and including August 5, 2001):

PURCHASES

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Purchase Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |
| 2. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |
| 3. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |
| 4. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale", please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y      Merger Shares: _____      Company: _____

**C.** Sales of Pharmacia common stock (on or after April 17, 2000 through and including November 2, 2001):

SALES

| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) *Please round off to the nearest whole dollar* | Proof of Sales Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |
| 2. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |
| 3. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |
| 4. ___/___/_____ | | $ _____ . 0 0 | ○ Y ○ N |

**D.** Number of shares of Pharmacia common stock held at the close of trading on August 5, 2001:

Proof Enclosed?  ○ Y  ○ N

**E.** Number of shares of Pharmacia common stock held at the close of trading on November 2, 2001:

Proof Enclosed?  ○ Y  ○ N

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*




4




## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Class Member and for purposes of enforcing the releases provided for in any judgment entered in the Litigation. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that is entered in the Litigation, including the release of all Released Claims with respect to each and all of the Released Persons as set forth in the Judgment. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Pharmacia securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Pharmacia common stock during the Class Period and know of no other person having done so on my (our) behalf.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the judgment entered in the Litigation or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Pharmacia common stock that are the subject of this claim, and that occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.







I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM FORM BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this _____1St_____ day of _____January_____ in _____St. Louis MS USA_____
(Month/Year)                          (City/State/Country)

_____
(Sign your name here)

_____
(Sign your name here)

_____William T. Zorn_____
(Type or print your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Acquirer, Executor or Administrator)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above declaration.
2. Remember to attach copies of supporting documentation, if available.
3. Do not send originals of certificates or other documents.
4. Keep a copy of your claim form and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.




6

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated, | ) No. 03-1519 (AET) ) **(Consolidated)** ) |
| Plaintiffs, | ) CLASS ACTION ) ) ) |
| vs. | ) ) |
| PHARMACIA CORPORATION, et al., | ) ) |
| Defendants. | ) ) ) |

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF PHARMACIA CORPORATION ("PHARMACIA") DURING THE PERIOD FROM APRIL 17, 2000 THROUGH AUGUST 5, 2001, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE JANUARY 28, 2013.

IF YOU DO NOT WISH TO BE INCLUDED IN THE CLASS AND YOU DO NOT WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE, YOU MAY REQUEST TO BE EXCLUDED.  TO DO SO, YOU MUST SUBMIT A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE JANUARY 3, 2013.

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the cases that have been consolidated by the Court as *Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.*, No. 03-1519 (AET) (Consolidated) (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between the Settling Parties, dated as of October 5, 2012 (the "Stipulation") on file with the Court.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of Defendants or the merits of the claims or defenses asserted by or against Defendants.  This Notice is solely to advise you of the proposed settlement of the Litigation and of your rights in connection therewith.

I.    STATEMENT OF PLAINTIFFS' RECOVERY

The proposed settlement will result in the creation of a cash settlement fund in the principal amount of $164,000,000.00, plus any interest that may accrue thereon (the "Settlement Fund").

The Settlement Fund, subject to deduction for, among other things, the expense of class notice and administration and taxes and tax-related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members.  Your recovery from this fund will depend on a number of variables, including the number of Pharmacia shares you purchased or otherwise acquired during the period from April 17, 2000 through August 5, 2001, inclusive, and the timing of your purchases and any sales.  In the unlikely event that 100% of the eligible shares of Pharmacia common stock purchased or acquired by Class Members and entitled to a distribution under the Plan of Allocation described below participate in the settlement, the estimated average distribution per share of Pharmacia common stock will be approximately $0.56 before deduction of Court-approved fees and expenses.  Historically, actual claim rates are lower than 100%, resulting in higher per share distributions.

## II.    STATEMENT OF POTENTIAL OUTCOME

Plaintiffs and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Plaintiffs were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Pharmacia common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the price of Pharmacia common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Pharmacia common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Pharmacia common stock at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Pharmacia common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of Pharmacia common stock at various times during the Class Period.

## III.    REASONS FOR SETTLEMENT

Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing. Also, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under the applicable law and, had the Litigation gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors. Defendants also would have asserted that throughout the Class Period the uncertainties and risks associated with the purchase of Pharmacia common stock were fully and adequately disclosed. The proposed settlement provides an immediate benefit to Class Members and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

## IV.    STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Members of the Class, nor have they been paid for their expenses. If the settlement is approved by the Court, Plaintiffs' counsel will apply to the Court for attorneys' fees of 27.5% of the Settlement Fund and expenses not to exceed $3.65 million, plus interest thereon, to be paid from the Settlement Fund. Plaintiffs' counsel have prosecuted the Litigation for nearly a decade and have committed tens of thousands of hours to the case. If the requested fee is awarded, it will represent a multiplier of approximately 1.72 times Plaintiffs' counsel's time charges at their normal, non-contingent hourly rates. Courts award such multipliers to account for, among other things, the substantial risk of non-payment and the delay in compensation. Plaintiffs' counsel believe this multiplier is significantly below multipliers awarded in cases of similar risk, duration, and complexity. If the amount requested is approved by the Court, the average cost per share of Pharmacia common stock will be $0.17. In addition, each of the Plaintiffs may seek up to $16,000.00 in expenses incurred in representing the Class.

## V.    IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this settlement, you may contact a representative of Class Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900 or Lance V. Oliver, Motley Rice LLC, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464, Telephone: 843/216-9000 or David R. Scott, Scott + Scott LLP, 156 South Main Street, P.O. Box 192, Colchester, CT 06415.

## VI.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

The Settlement Hearing will be held on January 30, 2013, at 10:00 a.m., before the Honorable Anne E. Thompson, at the United States District Court, District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Courtroom 4W, Trenton, New Jersey. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of $164,000,000.00 in cash should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (3) whether the application by Plaintiffs' counsel for an award of attorneys' fees and expenses and the expenses of Plaintiffs should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class.

## VII. DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1. "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2. "Claims Administrator" means the firm of Gilardi & Co. LLC.

3. "Class" means all Persons (other than those Persons and entities who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Pharmacia Corporation during the period from April 17, 2000 through August 5, 2001, inclusive, excluding Defendants, the officers and directors of Pharmacia during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

4. "Class Counsel" means Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park and Scott H. Saham, 655 West Broadway, Suite 1900, San Diego, CA 92101, Motley Rice LLC, Joseph F. Rice, Gregg S. Levin, Lance V. Oliver and Joshua C. Littlejohn, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464 and Scott + Scott LLP, David R. Scott, 156 South Main Street, P.O. Box 192, Colchester, CT 06415.

5. "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in paragraph 3 above.

6. "Class Period" means the period commencing on April 17, 2000 through and including August 5, 2001.

7. "Defendants" means Pharmacia Corporation ("Pharmacia"), Pfizer Inc. ("Pfizer"), Fred Hassan ("Hassan"), Carrie Cox ("Cox"), and G. Steven Geis ("Geis").

8. "Individual Defendants" means Hassan, Cox, and Geis.

9. "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court.

10. "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park and Scott H. Saham, 655 West Broadway, Suite 1900, San Diego, CA 92101.

11. "Lead Plaintiffs" means Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund, and PACE Industry Union-Management Pension Fund.

12. "Litigation" means the consolidated actions under case number 03-1519 (AET).

13. "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, expenses and interest, and any award to Plaintiffs, provided for herein or approved by the Court, and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

14. "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

15. "Plaintiffs" means Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund, Chemical Valley Pension Fund of West Virginia and PACE Industry Union-Management Pension Fund.

16. "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

17. "Related Parties" means each of a Defendant's families, parent entities, business units, business divisions, associates, affiliates or subsidiaries and each and all of their past, present, or future officers, directors, stockholders,

3

employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors, and assigns or other Persons or other entities in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and any other representatives of any of these Persons or other entities, whether or not any such Related Parties were named, served with process or appeared in the Litigation.

18. "Released Claims" shall collectively mean any and all claims arising from both the purchase or other acquisition of Pharmacia Corporation common stock during the Class Period and the acts, facts, statements or omissions that were or could have been alleged by Plaintiff(s) in the Litigation (the "Release"), including any and all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class. This Release extends to any and/or all Defendants and any and/or all of their Related Parties. The claims asserted in the following pending actions are expressly excluded from the Release: *In re Pfizer Inc. Sec. Litig.*, 1:04-cv-09866-LTS-HBP (S.D.N.Y.); *Jones v. Pfizer Inc., et al.*, 1:10-cv-03864-AKH (S.D.N.Y.); *City of Livonia Employees' Retirement System v. Wyeth, et al.*, 1:07-cv-10329-RJS (S.D.N.Y.); and *Security Police and Fire Professionals of America Retirement Fund v. Pfizer Inc., et al.*, No. 10-cv-3105-SDW-MCA (D.N.J.). "Released Claims" includes "Unknown Claims" as defined below.

19. "Released Persons" means each and all of the Defendants and their Related Parties.

20. "Settlement Amount" means $164,000,000.00 in cash.

21. "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

22. "Settling Parties" means, collectively, the Defendants, Plaintiffs and the Class.

23. "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation or net worth; taxes or other charges in the nature of excise, withholding ad valorem, stamp, transfer, value added or gains taxes; license registration and documentation fees; and customs duties, tariffs, and similar charges.

24. "Unknown Claims" means any Released Claims that Plaintiffs or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Plaintiffs expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to

4

have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## VIII. THE LITIGATION

Between April 7 and May 14, 2003, Pharmacia Corporation ("Pharmacia" or the "Company") stockholders filed six class action lawsuits against Pharmacia and others alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). The cases were consolidated before the Honorable Anne E. Thompson, in the United States District Court, District of New Jersey, and the case is titled *Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.* (the "Litigation"). By an order dated August 5, 2003, the Court appointed the following plaintiffs as "Lead Plaintiffs" pursuant to the requirements of the Private Securities Litigation Reform Act of 1995: Alaska Electrical Pension Fund, City of Sarasota Firefighters' Pension Fund, International Union of Operating Engineers Local 132 Pension Plan, New England Health Care Employees Pension Fund and PACE Industry Union-Management Pension Fund. The Lead Plaintiffs seek to recover money and other relief for the Class. The Defendants in the Litigation are Pharmacia, Pfizer and three individuals: Hassan, Pharmacia's former Chairman and CEO; Cox, Pharmacia's former Executive Vice President and President, Global Prescription Business; and Geis, Pharmacia's former Global Vice President for Arthritis, Cardiovascular, and Oncology. Lead Plaintiffs allege that between April 17, 2000 and August 5, 2001 (the "Class Period"), Defendants misrepresented the results of a clinical trial of Pharmacia's largest-selling product, an arthritis drug called Celebrex. Lead Plaintiffs allege that the trial, called the Celecoxib Long-term Arthritis Safety Study ("CLASS") lasted over one year and was designed to show that Celebrex causes fewer complicated ulcers than two older drugs, ibuprofen and diclofenac. Lead Plaintiffs allege that Defendants misrepresented the findings of CLASS to investors by disclosing only the favorable results from the first six months of the study and concealing the unfavorable results from the entire study, which lasted as long as 13 months for some patients. Lead Plaintiffs also allege that Defendants concealed the fact that Celebrex showed no safety advantage over diclofenac. Lead Plaintiffs allege that Defendants' omissions and misrepresentations caused Pharmacia's stock to trade at artificially inflated prices during the Class Period and that Lead Plaintiffs and Members of the Class were damaged as a result.

Defendants deny all these allegations. Specifically, Defendants contend that they openly disclosed that CLASS lasted longer than six months, that the study failed as to its primary endpoint, and that the reported results were of the first six months of the study, which was the minimum period of exposure for all patients. Contemporaneous articles also disclosed that CLASS had more than six months of data and did not show statistical significance as to the primary endpoint. Defendants contend that Plaintiffs' allegations are not based on valid science or proper ways to report the clinical data. Defendants also contend that when the full dataset from CLASS became publicly available, Pharmacia's share price was not affected, and that Plaintiffs cannot claim damages for losses caused by intervening events related to FDA decisions regarding the labels for Celebrex and a competitor drug.

On May 19, 2004, the Court denied Defendants' motion to dismiss. Thereafter, Defendants filed an answer denying all material allegations of Lead Plaintiffs' Consolidated Complaint for Violation of the Federal Securities Laws and asserting their defenses. On January 25, 2007, the Court entered an order certifying the Class defined as: "all persons who purchased or otherwise acquired Pharmacia Corporation common stock during the period starting April 17, 2000 and ending February 6, 2001," inclusive of those dates. On May 31, 2007, Defendants moved for summary judgment arguing that the action was time-barred by the applicable statute of limitations. On October 30, 2007, the Court granted Defendants' motion for summary judgment. Lead Plaintiffs appealed, and on January 30, 2009, the Third Circuit Court of Appeals reversed the lower Court's summary judgment decision, ruled that the appropriate ending date for the Class Period is August 5, 2001, and vacated and remanded for further proceedings.

On January 31, 2012, Defendants filed a second motion for summary judgment arguing, among other things, that Plaintiffs cannot prove that Defendants made misstatements because the allegedly omitted information was disclosed; that Plaintiffs cannot prove loss causation because the allegedly withheld data was available to the public before the market opened on February 6, 2001, and because Pharmacia's stock price did not have a statistically significant drop on that date; that the Individual Defendants did not act with the required state of mind to establish a violation of the federal securities laws; that the individuals did not actually make the alleged misstatements; and that defendant Pfizer could not be liable because it is not a successor-in-interest to defendant Pharmacia. On that same date, defendants Pfizer and Cox also filed a motion for judgment on the pleadings asserting that, based on the Third Circuit's decision, the claims were time-barred as to them because they were not added to the case until October 2003. On May 14, 2012, the Court denied Pfizer and Cox's motion for judgment on the pleadings. At the time settlement was reached, Defendants' motion for summary judgment was still awaiting a decision by the Court. The Court had also set a date for the trial of this matter to commence on October 22, 2012.

During the Litigation, the Settling Parties engaged the services of Judge Layn Phillips (Ret.), a nationally recognized mediator. The parties engaged in two in-person mediation sessions with Judge Phillips and numerous telephonic exchanges regarding a potential settlement of the Litigation. Ultimately the parties agreed to settle the action based upon the proposal of Judge Phillips.

## IX.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class.

## X.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny any improper conduct or violation of the federal securities laws or any other laws or regulations and are settling the Litigation solely to avoid the burden and expense of further litigation. In addition, Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Plaintiffs or the Class have suffered any damage; that the prices of Pharmacia common stock were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise; that the Plaintiffs or the Class were harmed by the conduct alleged in the Litigation; or that Defendants knew or were reckless with respect to the alleged misconduct. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation and believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded that further conduct of the Litigation would be protracted, burdensome and expensive, and that it is desirable that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in the Stipulation.

This Notice, and all related documents, shall not be construed as or deemed to be evidence of or an admission or concession on the part of the Defendants, or any of the Related Parties (as defined herein), with respect to any allegation or claim of any fault or liability or wrongdoing or damage whatsoever.

## XI.   TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between the Settling Parties, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.gilardi.com, for a full statement of its provisions.

The settlement consists of the aggregate principal amount of $164,000,000.00 in cash, plus any interest earned thereon after it is deposited.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Plaintiffs' counsel and Plaintiffs' expenses, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, according to the Plan of Allocation described below, to Class Members who submit valid and timely Proof of Claim forms.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## XII.   THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed settlement described in this Notice, upon approval of the proposed settlement by the Court.

If you are a Class Member, you have the following options:

1.  You may file a Proof of Claim form as described below.  If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2.  If you purchased or otherwise acquired Pharmacia common stock and you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded.  To do so, you must submit a written request for exclusion that must be postmarked on or before January 3, 2013.  You must set forth: (a) your name, address, telephone number; (b) the number of shares of Pharmacia common stock purchased or otherwise acquired and sold during the Class Period and the dates of such purchase(s), acquisition(s), and/or sale(s); (c) proper evidence of your purchases, acquisitions and sales of Pharmacia shares during the Class Period; and (d) your wish to be excluded from the Class.  The exclusion request should be addressed as follows:

Pharmacia Securities Litigation
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you timely and validly request exclusion from the Class: (a) you are excluded from the Class, (b) you will not share in the proceeds of the settlement described herein, (c) you are not bound by any judgment entered in the Litigation, and (d) you are not precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Litigation.

3.  If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim form.

4.  You may do nothing at all.  If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

5.  You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses and Plaintiffs' expenses in the manner described in Section XVIII below.

6.  If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before January 3, 2013, and must serve copies of such appearance on the attorneys listed in Section XVIII below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel: Robbins Geller Rudman & Dowd LLP, Arthur C. Leahy, Keith F. Park and Scott H. Saham, 655 West Broadway, Suite 1900, San Diego, CA 92101, Motley Rice LLC, Joseph F. Rice, Gregg S. Levin, Lance V. Oliver and Joshua C. Littlejohn, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464 and Scott + Scott LLP, David R. Scott, 156 South Main Street, P.O. Box 192, Colchester, CT  06415.

## XIII. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to a Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim form under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Pharmacia common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Class Counsel have conferred with their damages expert who concluded that only the Pharmacia securities described below were damaged by the matters alleged by the Plaintiffs in this Litigation, and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

The allocation below is based on the following declines in the alleged artificial inflation that Plaintiffs contend was in the Pharmacia stock price, as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") "90-day look-back":

| | |
|---|---|
| February 6, 2001 Price Decline: | $0.39 |
| February 7, 2001 Price Decline: | $2.14 |
| February 8, 2001 Price Decline: | $3.39 |

1. For shares of Pharmacia common stock purchased or otherwise acquired on or between April 17, 2000 through February 5, 2001, the claim per share shall be as follows:

(a) If sold prior to February 6, 2001, the claim per share is zero;

(b) If sold on February 6, 2001, the claim per share shall be the lesser of: (i) $0.39 (February 6, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price;

(c) If sold on February 7, 2001, the claim per share shall be the lesser of: (i) $2.53 (February 6, 2001 & February 7, 2001 Price Declines), or (ii) the difference between the purchase price and the selling price;

(d) If sold on or between February 8, 2001 through August 5, 2001, the claim per share shall be the lesser of: (i) $5.92 (February 6, 2001, February 7, 2001 & February 8, 2001 Cumulative Price Decline), or (ii) the difference between the purchase price and the selling price;

(e) If retained at the end of August 5, 2001 and sold before November 2, 2001, the claim per share shall be the least of: (i) $5.92 (February 6, 2001, February 7, 2001 & February 8, 2001 Cumulative Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below; and

(f) If retained, or sold, on or after November 2, 2001, the claim per share shall be the lesser of: (i) $5.92 (February 6, 2001, February 7, 2001 & February 8, 2001 Cumulative Price Decline), or (ii) the difference between the purchase price per share and $41.25 per share.

2. For shares of Pharmacia common stock purchased or otherwise acquired on February 6, 2001, the claim per share shall be as follows:

(a) If sold prior to February 7, 2001, the claim per share is zero;

(b) If sold on February 7, 2001, the claim per share shall be the lesser of: (i) $2.14 (February 7, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price;

(c) If sold on or between February 8, 2001 through August 5, 2001, the claim per share shall be the lesser of: (i) $5.53 (February 7, 2001 & February 8, 2001 Price Declines), or (ii) the difference between the purchase price and the selling price;

(d) If retained at the end of August 5, 2001 and sold before November 2, 2001, the claim per share shall be the least of: (i) $5.53 (February 7, 2001 & February 8, 2001 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below; and

(e) If retained, or sold, on or after November 2, 2001, the claim per share shall be the lesser of: (i) $5.53 (February 7, 2001 & February 8, 2001 Price Declines), or (ii) the difference between the purchase price per share and $41.25 per share.

3. For shares of Pharmacia common stock purchased or otherwise acquired on February 7, 2001, the claim per share shall be as follows:

(a) If sold prior to February 8, 2001, the claim per share is zero;

(b) If sold on or between February 8, 2001 through August 5, 2001, the claim per share shall be the lesser of: (i) $3.39 (February 8, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price;

(c) If retained at the end of August 5, 2001 and sold before November 2, 2001, the claim per share shall be the least of: (i) $3.39 (February 8, 2001 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below; and

(d) If retained, or sold, on or after November 2, 2001, the claim per share shall be the lesser of: (i) $3.39 (February 8, 2001 Price Decline), or (ii) the difference between the purchase price per share and $41.25 per share.

4. For shares of Pharmacia common stock purchased or otherwise acquired on or between February 8, 2001 through August 5, 2001, the claim per share shall be zero.

## PSLRA 90-DAY LOOK-BACK TABLE

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 6-Aug-01 | $44.00 | $44.00 | 24-Sep-01 | $37.60 | $42.00 |
| 7-Aug-01 | $45.10 | $44.55 | 25-Sep-01 | $37.86 | $41.87 |
| 8-Aug-01 | $44.32 | $44.47 | 26-Sep-01 | $38.74 | $41.77 |
| 9-Aug-01 | $44.35 | $44.44 | 27-Sep-01 | $40.06 | $41.72 |
| 10-Aug-01 | $44.68 | $44.49 | 28-Sep-01 | $40.56 | $41.69 |
| 13-Aug-01 | $45.35 | $44.63 | 1-Oct-01 | $40.75 | $41.66 |
| 14-Aug-01 | $44.90 | $44.67 | 2-Oct-01 | $41.31 | $41.66 |
| 15-Aug-01 | $44.87 | $44.70 | 3-Oct-01 | $40.98 | $41.64 |
| 16-Aug-01 | $45.00 | $44.73 | 4-Oct-01 | $40.05 | $41.60 |
| 17-Aug-01 | $44.44 | $44.70 | 5-Oct-01 | $40.38 | $41.57 |
| 20-Aug-01 | $44.25 | $44.66 | 8-Oct-01 | $39.94 | $41.53 |
| 21-Aug-01 | $44.16 | $44.62 | 9-Oct-01 | $40.00 | $41.49 |
| 22-Aug-01 | $43.20 | $44.51 | 10-Oct-01 | $40.41 | $41.47 |
| 23-Aug-01 | $42.40 | $44.36 | 11-Oct-01 | $41.02 | $41.46 |
| 24-Aug-01 | $41.81 | $44.19 | 12-Oct-01 | $41.03 | $41.45 |
| 27-Aug-01 | $41.83 | $44.04 | 15-Oct-01 | $41.00 | $41.44 |
| 28-Aug-01 | $41.30 | $43.88 | 16-Oct-01 | $41.20 | $41.43 |
| 29-Aug-01 | $40.51 | $43.69 | 17-Oct-01 | $41.80 | $41.44 |
| 30-Aug-01 | $39.90 | $43.49 | 18-Oct-01 | $41.90 | $41.45 |
| 31-Aug-01 | $39.60 | $43.30 | 19-Oct-01 | $41.59 | $41.45 |
| 4-Sep-01 | $40.00 | $43.14 | 22-Oct-01 | $42.76 | $41.48 |
| 5-Sep-01 | $40.80 | $43.04 | 23-Oct-01 | $38.39 | $41.42 |
| 6-Sep-01 | $40.81 | $42.94 | 24-Oct-01 | $39.61 | $41.38 |
| 7-Sep-01 | $40.27 | $42.83 | 25-Oct-01 | $39.55 | $41.35 |
| 10-Sep-01 | $40.15 | $42.72 | 26-Oct-01 | $39.34 | $41.31 |
| 17-Sep-01 | $39.50 | $42.60 | 29-Oct-01 | $40.09 | $41.29 |
| 18-Sep-01 | $39.60 | $42.49 | 30-Oct-01 | $40.20 | $41.27 |
| 19-Sep-01 | $40.00 | $42.40 | 31-Oct-01 | $40.52 | $41.26 |
| 20-Sep-01 | $38.91 | $42.28 | 1-Nov-01 | $40.88 | $41.25 |
| 21-Sep-01 | $38.35 | $42.15 | 2-Nov-01 | $40.85 | $41.25 |

The date of purchase or acquisition or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

9

For Class Members who held Pharmacia common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Pharmacia common stock during the Class Period will be matched, in chronological order, first against Pharmacia common stock held at the beginning of the Class Period. The remaining sales of Pharmacia common stock during the Class Period will then be matched, in chronological order, against Pharmacia common stock purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Pharmacia common stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of a security that have been matched against the same type security held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Plaintiffs, Plaintiffs' counsel, any claims administrator, or other Person designated by Plaintiffs' counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## XIV. PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim form must be postmarked on or before January 28, 2013, and delivered to the Claims Administrator at the address set forth in Section XIX below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## XV. DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter the Judgment. In addition, upon the Effective Date, Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## XVI. APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 27.5% of the Settlement Fund, plus expenses not to exceed $3.65 million plus interest thereon. In addition, each of the Plaintiffs may seek up to $16,000.00 in expenses (including lost wages) it incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

To date, Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Plaintiffs and the Class, nor have counsel been paid their expenses. The fee requested will compensate Plaintiffs' counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis. The requested fee represents an approximate multiplier of 1.72 of Plaintiffs' counsel's non-contingent hourly charges. Plaintiffs' counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type. The fee to be requested has been approved by each of the Plaintiffs.

## XVII. CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of August 23, 2012. In that event, the settlement will not proceed and no payments will be made to Class Members.

## XVIII.   THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses and Plaintiffs' expenses,[1] may appear and be heard at the Settlement Hearing. Any such Person must submit a written notice of objection, such that it is *received* on or before January 3, 2013, by each of the following:

*To the Court:*

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

*To Class Counsel:*

| | | |
|---|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP | MOTLEY RICE LLC | SCOTT + SCOTT LLP |
| KEITH F. PARK | JOSEPH F. RICE | DAVID R. SCOTT |
| SCOTT H. SAHAM | LANCE V. OLIVER | 156 South Main Street |
| 655 West Broadway, Suite 1900 | 28 Bridgeside Blvd. | P.O. Box 192 |
| San Diego, CA 92101 | Mt. Pleasant, SC 29464 | Colchester, CT 06415 |

*To Counsel for Defendants:*

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | DLA PIPER LLP (US) |
| LYNN K. NEUNER | JOHN C. DOUGHERTY |
| 425 Lexington Avenue | 6225 Smith Avenue |
| New York, NY 10017-3954 | Baltimore, MD 21209-3600 |

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Pharmacia common stock purchased and sold during the Class Period and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XIX. SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired the common stock of Pharmacia for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice, (1) provide the Claims Administrator with the names and addresses of such beneficial owners, or (2) forward a copy of this Notice and the Proof of Claim form by First-Class Mail to each such beneficial owner and, provide Class Counsel with written confirmation that the Notice and Proof of Claim form have been so forwarded. Upon submission of appropriate documentation, Class Counsel will reimburse your reasonable costs and expenses of complying with this provision out of the Settlement Fund. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

---

[1]   The pleadings in support of these matters will be filed with the Court no later than December 14, 2012.

Pharmacia Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

## XX. EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation.  For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the Litigation, which may be inspected at the office of the Clerk of the Court, United States District Court, District of New Jersey, Clarkson S. Fisher Federal Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey.  In addition, certain settlement-related documents including the Stipulation of Settlement may be viewed at www.gilardi.com.

If you have any questions about the settlement of the Litigation, you may contact Class Counsel by writing to:

| | | |
|---|---|---|
| ROBBINS GELLER RUDMAN    *or*<br>  & DOWD LLP<br>KEITH F. PARK<br>SCOTT H. SAHAM<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | MOTLEY RICE LLC    *or*<br>LANCE V. OLIVER<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 | SCOTT + SCOTT LLP<br>DAVID R. SCOTT<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT  06415 |

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED:  October 12, 2012

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

12

fedex.com 1.800.GoFedEx 1.800.463.3339

# FedEx Express

## NEW Package
## US Airbill

FedEx Tracking Number  **8017 8861 6295**

**1 From**

Date  1/2/13

Sender's Name  William Zorn

Phone  314 531-4202

Company  The Zorn Law Firm, LLC

Address  3506 Washington, 2nd Floor

City  St. Louis   State MO   ZIP 63103

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name  Clerk of the Court

Phone

Company  United States District Court

Address  402 East State Street
Room 2020

City  Trenton   State NJ   ZIP 08608

**4**  Package No. 0200

**5 Packaging**
- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [x] Other

**6 Special Handling and Delivery Signature Options**

**7 Payment**  Bill to:
- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [x] Cash/Check

Total Packages   Total Weight

**644**

8017 8861 6295