COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ARTHUR C. LEAHY
SCOTT H. SAHAM
LUCAS F. OLTS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>                 Plaintiffs,<br><br>   vs.<br><br>PHARMACIA CORPORATION, et al.,<br><br>                 Defendants. | No. 03-1519 (AET)<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS, AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND LEAD PLAINTIFFS' EXPENSES<br><br>DATE:   January 30, 2013<br>TIME:   10:00 a.m.<br>CTRM:  The Honorable<br>            Anne E. Thompson |

## TABLE OF CONTENTS

**Page**

I. THE ABSENCE OF SUBSTANTIAL OBJECTIONS DEMONSTRATES THE REASONABLENESS OF THE SETTLEMENT AND FEE REQUEST ............................................................1

II. ZORN IS A PROFESSIONAL OBJECTOR WHO LACKS STANDING TO OBJECT ..................................................................................2

III. ZORN'S OBJECTION LACKS SUBSTANTIVE MERIT ............................3

    A. A Lodestar Cross Check Confirms the Reasonableness of the Fee Request .................................................................................5

    B. Zorn Ignores Controlling Third Circuit Precedent .................................6

IV. CONCLUSION.................................................................................................7

802812_2

Lead Plaintiffs, who are institutional investors who already have approved the proposed settlement and fee and expense request, and Lead Counsel respectfully submit this reply memorandum in further support of: (i) Lead Plaintiffs' motion for final approval of the proposed class action settlement and Plan of Allocation of settlement proceeds; and (ii) Lead Counsel's motion for an award of attorneys' fees and expenses and Lead Plaintiffs' expenses (the "Fee Request").  Dkt. No. 392.

## I. THE ABSENCE OF SUBSTANTIAL OBJECTIONS DEMONSTRATES THE REASONABLENESS OF THE SETTLEMENT AND FEE REQUEST

The Class's response to the settlement, the Plan of Allocation, and the Fee Request has been overwhelmingly positive.  The Court-approved Notice of Proposed Settlement of Class Action ("Notice") which described the settlement, the Plan of Allocation and the Fee Request and Class Members' rights and options with respect thereto was mailed to more than 160,000 potential Class Members, including numerous sophisticated institutional investors, and only one individual, William T. Zorn, filed an objection (the "Objection").  Dkt. No. 398.  The absence of a substantial number of objections demonstrates the reasonableness of the settlement and Fee Request.  *See Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (where "only" 29 out of 281 total class members objected, the response "strongly favors settlement"); *In re Sterling Fin. Corp. Sec. Class Action*, No. MDL 1879, 2009 U.S. Dist. LEXIS 83224, at *9 (E.D. Pa. Sept. 11, 2009) (where there were only two objections to the fee request, this factor weighed strongly in favor of approving the

requested fee award); *Boone v. City of Philadelphia*, 668 F. Supp. 2d 693, 713 (E.D. Pa. 2009) (where there was just one objection to the proposed attorneys' fees, this weighed in favor of approving the requested fees).[1]

## II. ZORN IS A PROFESSIONAL OBJECTOR WHO LACKS STANDING TO OBJECT

William T. Zorn is a professional or serial objector. He and/or his colleagues referred to in footnote 1 of his Objection have filed objections in at least 20 prior class action cases. Courts have considered an objector to be a "serial objector" when that objector has objected in at least 6 class action settlements. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) (finding that "professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients").

As an initial matter, Zorn's Objection is invalid as he has not demonstrated that he is a Class Member and thus he lacks standing to object and the time to do so has already passed. *See* Objection, ¶1. Contrary to Zorn's assertion, requiring submission

---

[1] Furthermore, only 40 of the over 160,000 potential Class Members who were sent the Notice have requested exclusion from the settlement. Only 2 of these requests provided the information required by the Notice to establish membership in the Class. Accordingly, it appears that there are only 2 valid requests for exclusion. In any event, all 40 requests for exclusion are identified in Exhibit 1 to the proposed judgment.

of a claim form and/or proof of purchase is standard when participating in or objecting to a settlement as putative class members have the "burden to demonstrate that they have **standing**." *Braud v. Transp. Serv. Co.*, No. 05-1898c, 2010 U.S. Dist. LEXIS 93433, at *15 (E.D. La. Aug. 17, 2010) (emphasis added). "'[O]nly class members have standing to object to a proposed class settlement.'" *Rowe v. E.I. du Pont De Nemours & Co.*, No. 06-1810 (RMB/AMD), 2011 U.S. Dist. LEXIS 96450 (D.N.J. Aug. 26, 2011) (quoting *In re Sunrise Sec. Litig.*, 131 F.R.D. 450, 459 (E.D. Pa. 1990)). To allow participation without such documentation would result in an inability to verify a claimant's **standing** and entitlement to receive a portion of the settlement proceeds. *See In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92(SAS), 2011 WL 3792825, at *2 (S.D.N.Y. Aug. 25, 2011) ("'Allowing someone to object to settlement in a class action based on this sort of weak, unsubstantiated evidence would inject a great deal of unjustified uncertainty into the settlement process.'") Nor can Zorn file a place holder objection while he and his colleagues troll for a class member with standing to participate in the settlement.

### III. ZORN'S OBJECTION LACKS SUBSTANTIVE MERIT

Substantively, Zorn's objection lacks merit as it completely disregards: (1) the fairness of the $164 million settlement to which there is no specific objection;[2] (2) that

---

[2] Zorn's objection to the settlement appears to relate to his burden of establishing standing and providing documentation of his Pharmacia stock transactions to establish

- 3 -

802812_2

the requested fee was approved by the Lead Plaintiffs; (3) that the requested fee is well within the range of fees found to be reasonable in comparably sized cases (*see* pages 27-29 to the Memorandum of Points and Authorities in Support of Lead Counsel's Application for Award of Attorneys' Fees and Expenses and Lead Plaintiffs' Expenses Pursuant to 15 U.S.C. §78u-4(a)(4) (Dkt No. 392-4) (collecting cases)); and (4) that without Plaintiffs' counsel's diligent efforts in litigating this complex action on a contingent basis over the past nine years this excellent result would not have been achieved. *See* paragraphs 3-5 to the Declaration of Scott H. Saham in Support of Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds, and an Award of Attorneys' Fees and Expenses and Plaintiffs' Expenses (Dkt. No. 392-2).

Zorn's nearly identical objection was recently rejected on similar grounds in a similar case. *See In re BISYS Sec. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726

---

his entitlement to participate in the settlement. However, he cites no authority for excusing this requirement for participating in any class action settlement. It is well accepted that providing this basic information is a requirement to participate in a class action settlement. *See Carbone v. Gulf Oil Corp.*, No. 85-361, 1989 WL 86950, at *3 (E.D. Pa. 1989) ("burden of producing documentation on the claimant"); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 548 (D.N.J. 1997) ("Courts widely have recognized that it is generally appropriate to require each class member to demonstrate his or her entitlement to relief."), *aff'd*, 148 F.3d 283 (3d Cir. 1998); *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 243 (D.N.J. 2005) ("The Court likewise finds unpersuasive the objections that the requirement of submitting documentation in support of a claim is unfair. Initially, it is not 'unreasonable' to assume that Class Members would have retained documentation.").

(S.D.N.Y. July 16, 2007).  There, in rejecting Zorn's objection, Judge Rakoff approved a 30% fee request in a securities case that had settled for $65.8 million, where the fee award resulted in a multiplier of counsel's "lodestar" of 2.99. *Id.*, at *3. Judge Rakoff noted in approving the 30% fee request that "in this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case." *Id*.  Here, after nearly 10 years of litigation, as set out in detail in the Fee Request, Plaintiffs' counsel has obtained a superior result for the Class in the form of $164 million in cash.  This result is exceptional, especially when considered in light of the fact that defendants' summary judgment motion was still pending as to both liability and damages.[3]

### A. A Lodestar Cross Check Confirms the Reasonableness of the Fee Request

Moreover, contrary to Zorn's unsupported assertion that the fee is too high, a lodestar cross check confirms the reasonableness of the Fee Request.  In fact, the resulting multiplier of the lodestar – 1.67 – is far lower than that recognized as appropriate for contingent risk, by courts in this circuit and throughout the country. *See, e.g.*, *In re Rite Aid Corp. Secs. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005)

---

[3] Even if Lead Plaintiffs prevailed on liability, if damages were limited to one day post disclosure as defendants' argued, the amount of the settlement is 1.4 times greater than estimated recoverable damages.

(approving 6.96 multiplier in similar sized settlement); *BISYS*, 2007 WL 2049726, at *3 (approving 2.99 multiplier over Zorn's objection). The 1.67 multiplier in this case underscores the reasonableness of the Fee Request and fairly compensates Plaintiffs' counsel for the significant risk in prosecuting this complex action on a contingent basis for nearly a decade in both the trial and appellate courts. The efforts of Plaintiffs' counsel which included the review of over 4.2 million pages of documents, over 50 depositions (including 12 expert depositions), a successful appeal, and taking the case to the eve of trial, are set out in detail in the Fee Request. Zorn (a licensed attorney and serial objector) apparently ignored this extensive filing which has been publicly available since December 14, 2012, as he claims that he was unable to properly evaluate the work performed by counsel. Objection, ¶3(b).[4] As the Court is aware, the Fee Request sets forth great detail regarding the number of hours worked and the efforts exerted by Plaintiffs' counsel in successfully resolving this Litigation.

### B. Zorn Ignores Controlling Third Circuit Precedent

Finally, Zorn ignores controlling Third Circuit precedent. First, the Fee Request falls squarely within the range considered by the Third Circuit to be "standard" for class action settlements between $100 million and $200 million. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (in securities class

---

[4] The Notice specifically informed Class Members that the Fee Request would be filed with the Court no later than December 14, 2012. Notice, §XVIII at n.1.

action settling for $126 million, Third Circuit recognizes that: (i) fee awards in 25%-30% range were "fairly standard"; and (ii) the position taken by Zorn here, "[that the percentage of a recovery devoted to attorneys fees should decrease as the size of the overall settlement or recovery increases] . . . has been criticized by respected courts and commentators, who contend that such a fee scale often gives counsel an incentive to settle cases too early and too cheaply") (citations omitted).  Second, the Fee Request is presumptively reasonable as it was approved by the Court appointed Lead Plaintiffs. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 220 (3d Cir. 2001) ("[C]ourts should afford a presumption of reasonableness to fee requests submitted pursuant to an agreement between a properly-selected lead plaintiff and properly-selected lead counsel.").

## IV. CONCLUSION

For all of the above reasons the Objection lacks merit and should be rejected and the settlement, the Plan of Allocation of settlement proceeds, and the Fee Request should be approved.

DATED:  January 18, 2013            Respectfully submitted,

                                                COHN LIFLAND PEARLMAN
                                                 HERRMANN & KNOPF LLP
                                              PETER S. PEARLMAN


                                                */s/ Peter S. Pearlman*
                                              PETER S. PEARLMAN

Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
ARTHUR C. LEAHY
SCOTT H. SAHAM
LUCAS F. OLTS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

SCOTT + SCOTT LLP
CHRISTOPHER M. BURKE
MATTHEW P. MONTGOMERY
DAVID H. GOLDBERGER
707 Broadway, 10th Floor
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)

MOTLEY RICE LLC
JOSEPH F. RICE
LANCE OLIVER
JOSHUA C. LITTLEJOHN
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)

Counsel for Plaintiffs

- 8 -

- 9 -

SUGARMAN & SUSSKIND
ROBERT SUGARMAN
2801 Ponce De Leon Blvd., Suite 750
Coral Gables, FL  33314
Telephone:  305/529-2801
305/447-8115 (fax)

Additional Counsel for Plaintiffs

802812_2