NORRIS, McLAUGHLIN & MARCUS, P.A.
721 Route 202-206, Suite 200
P.O. Box 5933
Bridgewater, New Jersey 08807-5933
(908) 722-0700

DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

*Attorneys for Defendants Pharmacia LLC and
Pfizer Inc.*

*Additional Counsel Listed on Signature Pages*

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, *et al.*, On Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    -against-<br><br>PHARMACIA CORPORATION, *et al.*,<br><br>        Defendants. | **CIVIL ACTION NO.: 03-1519 (AET)**<br>(Consolidated Class Action)<br><br>Hon. Anne E. Thompson<br><br>**DEFENDANTS' RESPONSE TO THE OBJECTION OF WILLIAM T. ZORN AND STATEMENT IN FURTHER SUPPORT OF THE SETTLEMENT**<br><br>**RETURN DATE:  January 30, 2013**<br>**10:00 a.m.**<br><br>DOCUMENT FILED ELECTRONICALLY |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Pharmacia LLC (formerly known as Pharmacia Corporation), Pfizer Inc., Fred Hassan, Carrie Cox, and G. Steven Geis ("Defendants") submit this statement in response to William T. Zorn's Objection to Proposed Settlement and in further support of the Settlement.[1]

## INTRODUCTION

In an order dated October 12, 2012 (the "Order"), this Court preliminarily approved the settlement of this action and provided for mailing and publication of the Notice to potential Class Members.[2]  Dkt. 390.  The Claims Administrator sent the Notice to over 160,000 potential class members and to institutions representing millions of investors, and it has published the Summary Notice both in print and online.  *See* Dkt. 392-3 ¶ 18 (Declaration of Michael Joaquin).

Mr. Zorn is the only objector.  Mr. Zorn's objection is procedurally defective because he provides no evidence that he is a class member; he does not include any information about whether he even held Pharmacia stock during the Class Period.  Mr. Zorn's objection also is meritless.  He contends that the claims

---

[1]     All Defendants join in this filing, and it is being submitted by Pharmacia LLC and Pfizer Inc. with the consent and joinder of counsel for the individual defendants Fred Hassan, Carrie Cox, and G. Steven Geis.

[2]     Capitalized terms not otherwise defined refer to and retain the same meaning as used in the Order and exhibits thereto.

procedure provided by the Order "discourages . . . class member participation in the settlement" by requiring class members to provide a Proof of Claim form showing their investments in Pharmacia stock during the Class Period.   Zorn Obj. at 2.[3]  But courts have approved similar claims procedures because such information is necessary to determining class membership and calculating individual losses.  Defendants therefore respectfully submit that the Settlement should be approved as fair, reasonable, and adequate.

With respect to requests for exclusion from the Class, the Claims Administrator received 40 requests from individuals purporting to be class members seeking to be excluded from the Settlement.  All but two of these requests do not comport with the Court's Order requiring that the claimant submit proof of membership in the Class.  Accordingly, Defendants seek a ruling that 38 of these requests be deemed invalid for failure to comply with the Court' s Order and that only Mr. Harold P. Houser and Mr. Anders Nordstrom be recognized as having submitted valid and timely requests for exclusion on Exhibit 1 to the Proposed Final Judgment and Order of Dismissal With Prejudice.

---

[3]     Mr. Zorn argues that the attorneys' fees requested by Plaintiffs' Counsel are "excessive." *Id.*  Defendants take no position with respect to the reasonableness of Plaintiffs' Counsel's fee application.

## <u>ARGUMENT</u>

### I.   Zorn's Objection Fails To Comply With The Terms Of The Order

As an initial matter, Mr. Zorn's objection to the settlement is defective because he has failed to show that he falls within the definition of the Class, as required by the Court's prior Order, the Federal Rules of Civil Procedure and the clear terms of the Notice. *See* Dkt. 390, Ex. A-1 at 34-35; Rule 23(e)(5). Mr. Zorn baldly asserts he is a class member but has provided no evidence he acquired Pharmacia common stock during the Class Period. *See* Dkt. 390, Ex. A-1 at 7 (requiring as condition of class membership the purchase or acquisition of Pharmacia Corporation common stock "during the period from April 17, 2000 through August 5, 2001").

Mr. Zorn argues that he should not be required to provide this information because it "is readily available to the Defendants and Plaintiffs in this case." Zorn Obj. at 1. This argument is not only wrong—the parties do not have access to Mr. Zorn's personal trading records—it does not excuse his failure to comply with the terms of the Order. In light of this failure, Mr. Zorn's objection should not be considered.

### II.   Zorn's Objection To The Claims Procedure Is Without Merit

Mr. Zorn objects to the claims procedure described in the Plan of Allocation, which requires class members to submit a Proof of Claim detailing

purchases, acquisitions, or sales of Pharmacia common stock during the Class Period as a condition of participation in the settlement. *See* Dkt. 390, Ex. A-2. He argues that Defendants have "the data and means to calculate and make class member distributions" without submissions from purported Class Members. Zorn Obj. at 2. His baseless speculation fails to distinguish this case from many others in this District and across the country in which similar claims procedures have been approved.

Indeed, this Court has repeatedly held—including in securities cases like this one—that it is "reasonable . . . to require Class Members to substantiate their claims through documentation." *See In re AT&T Corp. Sec. Litig.*, No. 00-5364 (GEB), 2005 WL 6716404, at *6 n.3 (D.N.J. Apr. 25, 2005); *see also Hall v. AT&T Mobility LLC*, No. 07-5325 (JLL), 2010 WL 4053547, at *11 (D.N.J. Oct. 13, 2010) (rejecting argument that "the Settlement is unfair because Class members must prove their own membership by submitting proofs of claims"); *Milliron v. T-Mobile USA, Inc.*, No. 08-4149 (JLL), 2009 WL 3345762, at *6 (D.N.J . Sept. 14, 2009) ( "[T]he Court finds it perfectly appropriate to require Class members to submit certain information proving that they are entitled to collect the relief awarded in this case.").

The requirement that class members submit proofs of claim is necessary "in order [to achieve] a fair distribution of the settlement proceeds." *In*

*re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2004 WL 2591402, at *12 (S.D.N.Y. Nov. 12, 2004). This is especially so where, as here, class members must share in a finite settlement fund. Notably, Mr. Zorn does not object to any of the other terms of the settlement reached by the parties, including the total amount of the settlement. Where "the claims process is a negotiated facet of [a] settlement that . . . is fair as a whole," it would be inappropriate for the Court to "substitut[e] . . . a claims process with a direct payout." *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 593 (N.D. Ill. 2011).

### III.    The Overall Class Reaction To The Settlement Is Supportive

Notwithstanding Mr. Zorn's objection to the claims procedure and to the application for attorney's fees, the class has not reacted negatively to the settlement, and that response weighs in favor of settlement approval. *Sullivan v. DB Inv., Inc.*, 667 F.3d 273, 321 (3d Cir. 2011). The Third Circuit recognizes that "the reaction of the class to the settlement" is one of several factors relevant to the district court's determination of fairness under Rule 23(e)(3). *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). Support for the settlement may be inferred from "the number of objectors and opt-outs and the substance of any objections." *Sullivan v. DB Inv., Inc.*, 667 F.3d at 321.

Mr. Zorn—who has not even established that he is a bona fide class member—is the only objector. There is a "strong presumption" in favor of

settlement where, as here, there is a "vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors," especially if no institutional investor has submitted an objection. *In re Cendant Corp. Litig.*, 264 F.3d 201, 234-35 (3d Cir. 2001) (approving settlement over objections of four class members and two non-class members where more than 478,000 individuals received notice).[4]

## IV.   There Are Only Two Valid Requests For Exclusion

The Claims Administrator has received 40 requests for exclusion from the class by individuals or married couples, only two of which comply with the requirements set forth in the Court's Order and Notice. The Order states: "To be valid, a Request for Exclusion must state all of the information requested by ¶2 of §XII of the Notice." Dkt. 390 at 4-5. Paragraph 2 of §XII of the Notice provides that a request for exclusion must set forth "the number of shares of Pharmacia common stock purchased or otherwise acquired and sold during the Class Period and the dates of such purchase(s), acquisition(s), and/or sale(s)" and "proper evidence of your purchases, acquisitions and sales of Pharmacia shares during the Class Period." Dkt. 390, Ex. A-1 at 21.

---

[4]      At least one other court has approved a class action settlement over Mr. Zorn's sole objection. *See In re Bisys Sec. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726, at *2 (S.D.N.Y. 2007) (approving settlement over objection of William Zorn, Esq. to purportedly "excessive" attorney's fees).

All but two of the requests for exclusion received in this case did not (a) specify the number of shares purchased and/or dates of purchases and sales during the Class Period and (b) provide evidence of such transactions. The Notice expressly advises recipients in all capital letters that:

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

*Id.* Accordingly, Defendants respectfully request that the Court rule that the non-complying 38 requests for exclusion are invalid and that the individuals who submitted them are bound by the Final Judgment in this case. The exceptions to this ruling are Mr. Harold P. Houser and Mr. Anders Nordstrom, who should be listed in Exhibit 1 to the Final Judgment. *See* attached Proposed Exhibit 1.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court overrule the objection of William T. Zorn; approve the Settlement as fair, reasonable, and adequate; and conclude that Exhibit 1 to the Final Judgment should list only Mr. Harold P. Houser and Mr. Anders Nordstrom as the sole claimants to have submitted valid and timely requests for exclusion from the Class.

Dated:      January 18, 2013

NORRIS McLAUGHLIN & MARCUS, P.A.

By: _____
      Steven A. Karg
      William A. Dreier

721 Route 202-206, Suite 200
P.O. Box 5933
Bridgewater, NJ 08807-5933
Telephone:  (908) 722-0700
Facsimile:   (908) 722-0755

DLA PIPER LLP (US)
John C. Dougherty (*pro hac vice*)
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone:  (410) 580-3000
Facsimile:   (410) 580-6100

SIMPSON THACHER & BARTLETT LLP
Lynn K. Neuner (*pro hac vice*)
George S. Wang (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017-3954
Telephone:  (212) 455-2000
Facsimile:   (212) 455-2502

Michael D. Hynes
Michael S. Wigotsky (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone:  (212) 335-4500
Facsimile:   (212) 335-4501

*Attorneys for Defendants Pharmacia LLC and Pfizer Inc.*

O'MELVENY & MYERS LLP
Jonathan Rosenberg (*pro hac vice*)
Edward N. Moss (*pro hac vice*)
Allen Burton
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:   (212) 326-2000
Facsimile:    (212) 326-2061

*Attorneys for Defendant Fred Hassan*

MANATT, PHELPS & PHILLIPS, LLP
Ronald G. Blum (*pro hac vice*)
Amy Terry Sheehan (*pro hac vice*)
Kenneth D. Friedman
7 Times Square
New York, NY 10036
Telephone:   (212) 790-4500
Facsimile:    (212) 790-4545

*Attorneys for Defendant G. Steven Geis*

ALLEN & OVERY LLP
Pamela Rogers Chepiga (*pro hac vice*)
Josephine A. Cheatham (*pro hac vice*)
Jacob S. Pultman
1221 Avenues of the Americas
New York, New York 10020
Telephone:   (212) 610-6300
Facsimile:    (212) 610-6399

*Attorneys for Defendant Carrie Cox*

9

**[PROPOSED]  EXHIBIT 1**

*Alaska Electrical Pension Fund, et al. v. Pharmacia Corporation, et al.*, No. 03-1519 (AET) (D.N.J.)

## INDIVIDUALS WHO HAVE VALIDLY AND TIMELY REQUESTED <u>EXCLUSION FROM THE CLASS</u>

1. Harold P. Houser

2. Anders Nordstrom

## **DECLARATION OF SERVICE**

Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing document is being filed electronically with the Clerk of the Court and understand that it is being served electronically by the Court's CM/ECF System upon those counsel of record who receive electronic notices through the Court's CM/ECF System for the subject case.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Steven A. Karg

Dated:  January 18, 2013

## DECLARATION OF SERVICE

Pursuant to 28 U.S.C. § 1746, I, Beth Harper, hereby declare that:

1.     I am employed as a legal assistant by the law office of Norris, McLaughlin & Marcus, P.A., attorneys for Defendants Pharmacia LLC, and Pfizer Inc., in the above matter.

2.     On January 18, 2013, I caused a copy of the foregoing documents to be sent via regular mail delivery from 721 Route 202-206, Suite 200, Bridgewater, New Jersey to the following:

> Joseph F. Rice, Esq.
> Motley Rice LLC
> 28 Bridgeside Blvd
> Mount Pleasant, SC 29464
>
> William H. Narwold, Esq.
> Motley Rice LLC
> 28 Bridgeside Blvd
> Mount Pleasant, SC 29464
>
> William T. Zorn, *Pro Se*
> The Zorn law Firm, LLC
> 3526 Washington, 2nd Floor
> St. Louis, MO 63103

I declare under penalty of perjury that the foregoing is true and correct.

_Beth Harper_
_____
Beth Harper

Dated:  January 18, 2013